HENRY C. GALLOWAY v. W. B. FLOYD.

Decided June 15, 1904.

**1.—Admission—Pleading.**

Where defendant, before the trial commenced, admitted of record that plaintiff had a good cause of action except as same might be defeated by defendant's plea in confession and avoidance alleging release of the contract sued on, errors in overruling defendant's exceptions to the petition became immaterial.

**2.—Admission—Damages—Harmless Error.**

The admission that plaintiff had a good cause of action "as stated in his petition" rendered harmless any subsequent error in the admission of evidence to show the amount of plaintiff's damages.

**3.—Brief—Statement—Charge.**

An assignment of error on the refusal of a requested charge, unaccompanied by a statement thereunder in the brief, need not be considered.

**4.—Juror—Impeaching Verdict.**

Affidavits of jurors will not be received to impeach their verdict.

Appeal from the County Court of San Saba. Tried below before Hon. W. A. Smith.

*James Boyd* and *A. B. Wilson,* for appellant.

*P. M. Faver* and *Leigh Burleson,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by the appellee against the appellant for damages alleged to have been sustained on account of an alleged breach of contract entered into by appellant with appellee, whereby appellant agreed to deliver to appellee one carload of hogs at Taylor's gin, in San Saba County, on the 15th day of November, 1902. Appellee alleged damages in the sum of $255, being the difference between the price he was to pay for said hogs and the price he had contracted to sell them for; and in the sum of $745 on account of injury to reputation and business.

Upon a trial before a jury, appellee recovered a verdict and judgment in the sum of $140.

Appellant answered by special exceptions to plaintiff's petition, and also specially pleaded that he had been released by appellee from the contract sued upon.

Before the commencement of the trial, but after the announcement of ready by both parties, the appellant made the following admission, which was entered of record by the court: "That plaintiff had a good cause of action, as set forth in his petition, except so far as the same may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established upon trial."

Appellant's first and second assignments of error complain of the action of the court in overruling his first and second special exceptions to plaintiff's petition. In our opinion this action of the court becomes immaterial, in view of the above quoted admission of the appellant.

That admission concedes that the plaintiff has a good cause of action, and has the effect of putting in issue only the matters pleaded by way of defense by defendant to plaintiff's cause of action. Sanders v. Bridges, 67 Texas, 94; Joy v. Liverpool and L. and G. Insurance Co., 7 Texas Ct. Rep., 856; Phœnix Assurance Co. v. Munger, 49 S. W. Rep., 276; Blackwell v. Coleman County, 1 Texas Ct. Rep., 445.

Appellant's third and fourth assignments of error relate to the action of the court in overruling his motion to strike out the answers in the depositions of certain witnesses, and in permitting certain witnesses to testify as to their opinion as to the amount of damages sustained by plaintiff. This action of the court, if error, becomes harmless in view of the admission of appellant above mentioned, which had the effect of relieving plaintiff from making any proof to sustain the allegations in his petition.

The fifth assignment of error of appellant complains of the refusal of the court to give to the jury certain charges requested by him. This assignment is not in compliance with the rules of court, on account of having no statement in connection therewith, and therefore is not required to be considered by this court. However, we are of opinion that there was no error in their refusal by the court. The court in his general charge sufficiently and properly instructed the jury upon the issues to which these special charges were intended to apply; and besides, in our opinion, the fourth special charge asked by appellant was objectionable as a charge upon the weight of the testimony.

There was no error in the action of the court complained of in appellant's sixth assignment of error. It has been repeatedly held by the Supreme Court and the courts of civil appeals of this State that the affidavits of jurors will not be allowed to impeach their verdict.

We have carefully considered the other assignments of error presented in appellant's brief; and, without discussing them in detail, we are of opinion that none of them is well taken, and they are therefore overruled.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*