HEDRICK v. MATTHEWS.    (No. 1598.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 26, 1919.)

1. APPEAL AND ERROR ⬖781(6)—DISMISSAL ON SHOWING OF SETTLEMENT BY PARTIES.

Where parties have actually settled or agreed on terms of settlement of the matters in dispute pending an appeal, and the fact is shown in the Court of Civil Appeals, the appeal should be dismissed, having become moot.

2. APPEAL AND ERROR ⬖19—SETTLEMENT DOES NOT DEFEAT JURISDICTION ACQUIRED BY FILING BOND.

The Court of Civil Appeals acquired jurisdiction of an appeal when appellant filed his supersedeas bond with the clerk of the county court, and settlement of the matters in dispute by the parties would not defeat such jurisdiction.

3. APPEAL AND ERROR ⬖1127—CONSIDERATION OF AFFIDAVITS IN OPPOSITION TO MOTION TO AFFIRM.

If the issue made on the question of settlement by the parties affected the jurisdiction of the Court of Civil Appeals under Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, it could consider, to determine the fact of jurisdiction only, the affidavits presented by appellant in opposition to appellee's motion to affirm on certificate.

4. APPEAL AND ERROR ⬖1127 — AGREEMENT TO SETTLE NOT CONSIDERED WHERE JURISDICTION HAS ATTACHED.

Jurisdiction of the Court of Civil Appeals having attached when appellant filed his supersedeas bond with the clerk of the county court, and the issues tried below being pending, the court will not consider the question whether there has been an agreement to settle between the parties, though appellant in his affidavits in opposition to appellee's motion to affirm on certificate states facts tending to show such an agreement.

Appeal from Hartley County Court; J. H. Phillips, Judge.

Action by J. E. Matthews against F. M. Hedrick. Judgment for plaintiff, and defendant appeals. On motion by appellee to affirm on certificate. Motion granted.

J. N. Browning, of Amarillo, for appellant. Tatum & Strong, of Dalhart, for appellee.

---

HALL, J. This is a motion by appellee, filed under Vernon's Sayles' Civil Statutes, art. 1610, to affirm a judgment rendered against appellant in the county court of Hartley county. The transcript filed in this court shows the amount of the judgment to be $88. In addition to a copy of the judgment, the transcript also contains a copy of the supersedeas bond, filed with the clerk of the court below. The clerk certifies that no transcript of the record for appeal had been made because none had been ordered by the appellant. Appellant contests the motion to affirm, stating that he abandoned his appeal after filing the supersedeas bond upon advice of counsel that it would be cheaper to compromise the same; that on account of the litigation between the parties their personal relations were unpleasant, and he employed one Williams, a mutual friend to bring about a compromise of the matter in dispute; that through the said Williams he proposed to appellee that appellant would pay all the costs in the county court, abandon his appeal and all claims of every nature, if appellant would relinquish his rights under the judgment rendered in the county court; that through the said Williams appellee submitted to appellant a counter proposition, to the effect that he would accept appellant's proposition if appellant would pay off a note upon which suit had been filed against appellee in the justice court in Amarillo, and in which suit a writ of garnishment had been issued, and served on appellant, and would also pay the costs of the justice court at Amarillo; that appellant declined to accept the counter proposition, whereupon appellee agreed to appellant's proposition as originally outlined; that appellant then wrote his attorney at Amarillo, informing him of the compromise agreement, and thereafter, believing that a compromise had been actually made, and acting in good faith, he obtained a certified bill of costs from the county clerk of Hartley county, paying all of the costs except a balance of $14.45, which was withheld until appellant's attorney had time to investigate certain items amounting to that sum, and notify appellant whether or not they were legal charges; that soon afterwards appellant's attorney sent appellee a written agreement of compromise, which appellee stated would be submitted to his own attorney before signing it; that since said time appellant has never been notified as to what would be done with reference to such writing, but, believing that appellee would abide by his agreement to compromise, he directed his attorney to take no further steps toward prosecuting the appeal; that he had about one month from the date of the compromise agreement in which to perfect his appeal, which would have been done but for his belief that the matter had been settled. There is attached to the affidavit of contest a post card from appellant to his attorney, stating that appellee had agreed to withdraw his judgment claim and to let the matter stand. An affidavit of the county clerk of Hartley county is also attached, in which he states that on or about the 15th of August, 1919, appellee came into his office and asked if appellant had paid the costs in the case, saying that he and appellant had agreed to settle the matter in controversy between them, and that he would surrender his judgment when appellant complied with his agreement to pay the costs of the suit. At that time appellant had paid the $124.69 costs and advised affiant that he and Matthews had reached an agreement and settlement of their suit and requested affiant to take no further action toward appealing the case. Appellee has filed in this court his reply to appellant's contest of the motion to affirm, in which the allegations of appellant are denied. Attached to this denial is the affidavit of appellee, stating in substance that, in the early part of the second week of August, Williams approached him at Hartley, saying that Hedrick wanted to settle the suit. Affiant replied, "All right, I have been willing to settle any time." Williams then stated to affiant:

"Hedrick says he is willing to pay the costs of the suit at Channing if you will drop the judgment you have against him."

The affidavit further states:

"I told him that I would not do this, but further told him I had been sued at Amarillo for something like $50, and if Hedrick would pay off the amount of the note sued on and the costs of the suit, and pay all costs accrued in the county court of Hartley county, in this suit, and my lawyers would approve it, I would settle. I discussed the matter with my attorneys, and they told me they would submit the matter to appellant's attorney at Amarillo."

Affiant further states that he sent a mutual friend, F. A. Cox, to see appellant, who returned and told affiant that Hedrick had agreed to settle upon appellee's terms; that later an execution was issued against affiant out of the justice court at Amarillo, on the judgment rendered against Hedrick. There is also attached an affidavit by Williams, stating that Hedrick requested him to see appellee in regard to compromising this suit; that, so far as he knew, the parties never reached or made any settlement of the matter; that Hedrick handed him a written statement which he requested Matthews to sign in settlement, and Matthews said he would see his attorneys before signing it. Shortly thereafter, Matthews told affiant he would not sign the paper, and that he communicated that fact to Hedrick in a day or two. There is further attached an affidavit by one of the attorneys for appellee, showing his correspondence with appellant's attorney, stating that Mr. Mat-

thews would not accept the settlement offered by appellant and his attorney, but suggesting that, if the suit at Amarillo was paid off by appellant, he thought this suit could be settled. There is attached the carbon copy of a letter from appellee's attorney to appellant's attorney at Amarillo, stating that Matthews was in his office and agreed to accept the settlement previously submitted by the writer to appellant's attorney and had said that appellant had accepted appellee's proposition and the case had been settled on the terms stated in the former letter. This letter instructs appellant's attorney to get the note sued on in Amarillo, mark it paid, and send it with a statement, of the justice of the peace, showing that the case had been dismissed and the costs paid; to send also a written statement showing that this case had been settled, signed by appellant and his attorney, and showing that appellant had paid all the costs of this suit. These would be filed with the county clerk and the appeal stopped.

[1-4] Appellant is making no effort to file his record on appeal in this court, but is contesting appellee's right to an affirmance upon the ground that the suit had been compromised and an agreement to settle entered into between the parties. The fact of compromise and settlement is denied by appellee. Where parties have actually settled or agreed upon terms of settlement of the matters in dispute pending an appeal, and that fact is shown in this court, the appeal should be dismissed (Fielder Lumber Co. v. Gamble, 179 S. W. 522; Knights of Maccabees of the World v. Parsons, 182 S. W. 672); but we have no such case before us. According to the affidavits of the appellee and his witnesses, the minds of the parties have not met even upon an agreement to settle. This court acquired jurisdiction when appellant filed his supersedeas bond with the clerk of the county court. A settlement would not defeat the jurisdiction so acquired; but, upon a showing here that the parties had actually settled all matters involved, this court would dismiss the appeal, not because we had no further jurisdiction, but because the questions involved in the appeal had become moot. If the issue made upon the question of settlement affected the jurisdiction of this court, we could, under Vernon's Sayles' Civil Statutes, art. 1593, consider the affidavits presented for the purpose of determining the fact of jurisdiction only. Seiter v. Smith, 105 Tex. 205, 147 S. W. 226. The matters set up by appellant and supported by the affidavits attached to his reply, contesting the motion to affirm, might be urged in support of a motion to file his record on appeal; but he seeks no such relief. Since the jurisdiction of this court has attached and the issues tried below are pending, we must decline to decide the question of whether there has been an agreement to settle.

The motion to affirm on certificate is granted.

Affirmed.