**DAVIS, Director General, v. FINCH.**
(No. 6666.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 11, 1922.)

1. Appeal and error ⟝670(1)—Affidavit of county judge as to error in date in conclusions of fact held not available to change record.

Where, in an action for injury to animals on a railroad track, a judgment for plaintiff is entered, and an affidavit subsequently filed in the Court of Civil Appeals by the county judge, stating that he had signed the conclusions of fact without noticing a clerical error as to the date of the injuries, held, that such affidavit could not be used to change or enforce the record.

2. Railroads ⟝5½, New, vol. 6A Key-No. Series—Finding of injury after termination of federal control justified.

On appeal from a judgment against the Director General of Railroads for injuries to animals on the track, evidence held to show that the injuries were inflicted after the period of control had terminated and after the railroad had been restored to its owners.

Appeal from Frio County Court; John L. Pranglin, Judge.

Action by A. B. Finch against James Davis, Director General. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Cobbs, Blankenbecker & Wiggin, of San Antonio, for appellant.

Thos. H. Ward, of Pearsall, for appellee.

FLY, C. J. This cause went to trial on a second amended original petition in which it was alleged that in the original petition and first amended petition it had been alleged that a certain mule and horse had been injured on the railroad track of the International & Great Northern Railway Company, near Dilley, Tex., were so injured on March 17, 1920, and James A. Baker had been sued as receiver of the railway company but that appellee had ascertained that the injury had occurred on January 19, 1920, at a time when the railroad was in charge of appellant as Director General of Railroads in the United States, and it was prayed that Baker be dismissed from the cause and judgment be rendered for damages against appellant. Baker was dismissed from the suit, and judgment rendered against appellant for $325.

By an act of the Congress of the United States the railroads, which had for several years been in the hands of the government in charge of a Director General of Railroads, were on March 1, 1920, restored to their respective owners, and in order to re-cover against the appellant herein it became necessary to prove that the damages occurred while he, as Director General, had charge and control of the International & Great Northern Railway Company's properties. In the petition, on which the cause was tried, it was alleged that the horse and mule were injured on or about January 19, 1920, but in his testimony appellee first swore that the animals were injured on February 19, 1920, but changed that and swore that it was on March 19. However, he afterwards returned to his statement that it was February 19, but it was clear from his testimony that he did not know the date, although he swore positively that it was not January 19. There was other testimony showing that the accident did not occur on January 19, and appellee introduced in evidence the reports of two section foremen filed in the county clerk's office in compliance with an act of the Thirty-Fourth Legislature (Regular Session Laws, p. 126), in which it appeared that the horse and mule were injured on March 19, 1920. Under this state of facts the county judge found in his conclusions of fact that the injury occurred on April 17, 1920. It follows that under the statement of facts or the findings of fact of the county judge appellant could not be liable, because his connection with the railroad, as Director General, had been severed when the injuries were inflicted. After the briefs of appellant had been filed, in which the claim is made that the evidence failed to connect the appellant with the injuries to the animals, an affidavit was filed in this court by the county judge that he had signed the conclusions of fact without noticing that a clerical error had been made in the date of the injuries, and argues that the mistake is apparent because the statement of fact shows conclusively that the injuries to the animals occurred on January 19, 1920. There is not one syllable of testimony tending to show that such was the date of the injuries, but, on the other hand, appellee, while uncertain about when the accident took place, still stated positively:

"In the petition it is alleged the 19th day of January. Well, I know it wasn't January at all; I know it wasn't; I know that."

The other testimony showed just as positively that it was not on January 19 the animals were injured.

[1] If, however, the affidavit of the county judge had been in all things consistent with the record, it could not be used to change or reinforce the record. No such practice could be tolerated in an appellate court, for it would open the door for all kinds of fraud and would be ruinous in the extreme. No fraud is alleged in procuring the approval

by the county judge of the conclusions of fact, and there is no basis whatever for the attempt to amend the conclusions and to find new conclusions after the record has been on file in the court for over three months.

[2] The testimony introduced by appellee shows that beyond doubt the injuries to the animals were inflicted after the railroad had been restored to the custody of its owners or their receiver.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes