### GRAND LEADER, Inc., v. MONNIG DRY GOODS CO. (No. 6786.)

(Court of Civil Appeals of Texas. Austin. Feb. 20, 1924.)

**1. Appeal and error ⬥⟾23—Court of Civil Appeals empowered to ascertain whether appeal or writ of error, bond was forged.**

In view of Rev. St. arts. 1593, 1627, a Court of Civil Appeals is empowered to ascertain whether an appeal or writ of error bond has been forged, to determine jurisdiction of the court to hear the appeal or writ of error or render judgment against sureties on the bond, and adopt such method as it may think proper to ascertain the facts touching such issue.

**2. Appeal and error ⬥⟾799—Motion held insufficient to warrant holding writ of error bond forged.**

A motion to dismiss a writ of error on the ground that the name of one of the sureties on the writ of error bond was forged, being no more than an assertion that the party whose name was alleged to be forged had testified that his name had been signed to the bond without his knowledge or consent, was insufficient to warrant judicial determination that it was forged and the party not thereby bound.

Error from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by the Monnig Dry Goods Company against the Grand Leader, Inc. Judgment for plaintiff, and defendant brings error. On motion to dismiss the writ of error. Motion dismissed.

Edward T. Murphy, of Fort Worth, for the motion.

C. H. Fulwiler, of Breckenridge, opposed.

McCLENDON, C. J. Defendant in error has filed a motion to dismiss the writ of error, on the ground that the name of C. M. Bender, one of three sureties upon the writ of error bond, was forged.

The record shows that on July 13, 1922, defendant in error recovered judgment against plaintiff in error, in the district court of Tarrant county, for $2,867, besides attorney's fees, interest, and costs; that on November 25, 1922, plaintiff in error sued out a writ of error to the Court of Civil Appeals for the Second Supreme Judicial District, and filed a supersedeas writ of error bond in the penal sum of $6,500, with I. A. Wolfe, M. Faverman, and C. M. Bender as sureties, which bond was approved by the clerk on the date of its filing. The record was seasonably filed in the court of Civil Appeals for the Second Supreme Judicial District; the cause was later transferred to this court by order of the Supreme Court.

The motion to dismiss, which was filed January 24, 1924, and is verified by counsel for defendant in error, makes the following allegations of fact regarding execution of the bond by Bender:

"On or about the 20th day of December, A. D. 1923, your appellant, Monnig Dry Goods Company, had information and was advised that the name of C. M. Bender, one of the sureties on said supersedeas bond, had been forged thereon by one M. Faverman, another of the sureties on said supersedeas bond; - that said C. M. Bender was the only solvent surety on said supersedeas bond; * * * that on or about the 21st day of January, A. D. 1924, in a proceedings held before the district court of Tarrant county, Tex., in the Sixty-Seventh judicial district before Hon. Ben M. Terrell, judge of said court, the said C. M. Bender testified, in open court, that the name of the said C. M. Bender had been placed on said supersedeas bond as aforesaid without the knowledge or consent or authority of the said C. M. Bender; that contempt proceedings are now pending in the district court of Tarrant county, Tex., for the Sixty-Seventh judicial district against the said M. Faverman and the said I. A. Wolfe, sureties on said supersedeas bond so filed as aforesaid."

Aside from the foregoing statements in the motion verified by counsel, no affidavit or other evidence has been filed or tendered in support of the motion. Plaintiff in error has filed an answer to the motion, but, as this is not verified, it need not be further noted.

[1] The Courts of Civil Appeals, "have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." Revised Statutes, article 1593; Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537; Padgitt v. Young County, 111 Tex. 98, 229 S. W. 459; Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Blalock v. Slocomb (Tex. Com. App.) 245 S. W. 648; Rushing v. Bank (Tex. Civ. App.) 160 S. W. 337; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; Claborne v. Ry. Co. 21 Tex. Civ. App. 648, 53 S. W. 837, 57 S. W. 336; Birdsong v. Allen (Tex. Civ. App.) 165 S. W. 46; Webster v. Ry. (Tex. Civ. App.) 184 S. W. 295; Fruit Co. v. Fruit Co. (Tex. Civ. App.) 198 S. W. 594; Ry. v. Beckham (Tex. Civ. App.) 202 S. W. 991; Phillips v. Phillips (Tex. Civ. App.) 203 S. W. 77; Hedrick v. Matthews (Tex. Civ. App.) 216 S. W. 424.

In the Cruger Case the court say:

"We have but little doubt that such courts could lawfully have exercised such power without the aid of that provision. Harris v. Hopson, 5 Tex. 529. It is a power, it seems to us, which is necessarily inherent in the court, and one which has been frequently exercised without the aid of express enactment, either constitutional or statutory."

The validity of an appeal or writ of error bond is essential to a determination of the jurisdiction of the Court of Civil Appeals in

---

two respects. In the first place, a valid bond is necessary in order to give the court jurisdiction of the appeal or writ of error. In the second place, the Court of Civil Appeals is given by statute the power to render judgment summarily against the sureties upon the bond; and to exercise that jurisdiction the court must of necessity pass upon the binding effect of the bond on the sureties. R. S. art. 1627; Burck v. Burroughs, 64 Tex. 445; Cruger v. McCracken, above.

In the Cruger Case, after a judgment had been rendered against the principal and sureties upon the bond by the Court of Civil Appeals, and writ of error denied, one of the sureties filed, in the Court of Civil Appeals, a motion to vacate the judgment as to her, on the ground that she was a married woman when she executed the bond, a fact which did not appear of record. It was held that the Court of Civil Appeals was vested with the power to ascertain by "affidavits or other evidence" the truth of the allegation of coverture asserted in the motion. In that case the motion was supported by affidavits. The Supreme Court declined to pass upon the sufficiency of the affidavits, and remanded the proceeding to the Court of Civil Appeals for the purpose of determining the facts in such manner as that court might deem proper, without suggestion as to the procedure.

In Rushing v. Bank, the appeal bond was claimed to be invalid, because the name of one of the sureties had been erased and afterwards signed by some unauthorized party, and also because the sureties had been induced by fraud or misrepresentation to sign the bond. The court, while overruling the motion to dismiss on its merits, concluded that it had the power to ascertain the facts asserted in the motion for the purpose of determining the validity of the bond.

We have no doubt of the power of this court to ascertain whether or not an appeal or writ of error bond has been forged in order to determine the jurisdiction of this court to hear the appeal or writ of error, or render judgment against the sureties upon the bond, and to adopt such method as the court may think proper or advisable to ascertain the facts touching such issue.

[2] We are clear in the view, however, that the motion in the present case is not sufficient to warrant us in holding that the bond was forged. So far as the record is concerned the bond appears to be in every respect regular, and has the approval of the clerk of the trial court. The surety whose name is alleged to have been forged has made no claim of that character in this court; nor is there any affidavit made by him presented in connection with the motion. The allegations of the motion itself, verified by counsel, do not amount to an unequivocal assertion that the bond was forged, but merely that appellant "was advised" that it was forged, and

that Bender had so testified in a contempt proceeding in the trial court. By whom this proceeding was instituted, who were the parties to it, and what may have been the result thereof are not stated; and the record in that proceeding is not before us. The effect of the motion is nothing more than an assertion that Bender had testified that his name was signed to the bond without his knowledge, consent, or authority.

Before we could sustain the motion we would necessarily have to determine judicially that Bender's name was not signed to the bond by himself or by his authority. To do so there must be legally competent evidence of sufficient weight to establish that fact. No affidavit or evidence of any one claiming to have personal knowledge of whether Bender signed or authorized his signature to the bond is presented in this court. Bender, a party to the proceeding, and the one most vitally interested in the matter, has never sought in this court to be relieved of his liability as surety; nor in any manner to question the validity of the bond. The record in the proceeding in which he is alleged to have testified is not before us. Further than the bare assertion that he testified therein that his name was signed to the bond without his authority, we know nothing of the evidence in that proceeding, and have no information as to what was done in it. We hardly think there can be serious question but that we would not be warranted in judicially determining that Bender was not bound by the bond upon the meagre showing in the motion.

The motion, in our judgment, is clearly not sufficient to put in issue the validity of the bond; and, in view of the fact that the question sought to be raised is one of fundamental jurisdiction, we think the proper order to be entered is to dismiss the motion. It is so ordered.

Motion dismissed.