HERD v. HOME NAT. BANK OF CLEBURNE. (No. 386.)

(Court of Civil Appeals of Texas. Waco. April 15, 1926. Rehearing Denied May 13, 1926.)

**1. Appeal and error ⬅⬆22.**

Jurisdiction of Court of Civil Appeals may be questioned at any time, and cannot be waived by party or court.

**2. Appeal and error ⬅⬆670(1)—Affidavits contradicting record will be considered, where presenting facts which affect appellate court's jurisdiction and could not have been put in issue in trial court (Vernon's Sayles' Ann. Civ. St. 1914, art. 1593).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, affidavits contradicting record will be received and considered by Court of Civil Appeals, where presenting facts which affect its jurisdiction and could not have been put in issue in trial court.

**3. Appeal and error ⬅⬆670(1)—Where clerk's affidavit reasonably explained why appeal bond, filed too late, was filed back as of date shown in transcript, and facts stated were not questioned by appellant, appellate court must conclude that affidavit speaks truth, so as to deprive court of jurisdiction.**

Where clerk's affidavit reasonably explained why appeal bond filed too late was filed back as of earlier date shown by transcript, and appellant, though answering motion to dismiss appeal, did not question facts stated in affidavit, Court of Civil Appeals must conclude that affidavit speaks truth, and hence that court has no jurisdiction.

Barcus, J., dissenting.

Appeal from Johnson County Court; Mitchell Davis, Special Judge.

Action by Ed Herd against the Home National Bank of Cleburne. Judgment for defendant, and plaintiff appeals. On motion to dismiss appeal. Motion sustained, and cause dismissed.

J. E. Warren, Chrisman & Chrisman, and Keith & Prestridge, all of Cleburne, and Preston Martin, of Weatherford, for appellant.

Kilpatrick & Kilpatrick and F. E. Johnson, all of Cleburne, for appellee.

STANFORD, J. The transcript in this cause shows the judgment was rendered March 25, 1925, motion for new trial was overruled May 2, 1925, said court adjourned on May 3, 1925, and appeal bond was filed and approved May 20, 1925. The statement of facts establishes that appellant is a resident of Johnson county, Tex. Appellee has filed a motion to dismiss the appeal because the appeal bond was not filed within 20 days after the expiration of the term of court, or within 20 days after notice of appeal was given, and in support of said motion appellee attaches to its motion to dismiss the following affidavit:

"State of Texas, County of Johnson:

"I, George L. Murphy, being first duly sworn on my oath, state that I am the clerk of the county court of Johnson county, Texas, and have been since January 1, 1925. On the 26th day of May, 1925, one of the attorneys for Ed Herd, in cause No. 4104 on docket of said court, wherein Ed Herd is plaintiff and the Home National Bank of Cleburne is defendant, brought to my office in Cleburne, Texas, an appeal bond in said cause, and asked me to approve and file it. The appeal bond was dated May 20, 1925. He asked me to approve and file it as of May 20, 1925. He left the impression with me that he was going to obtain an agreement from the attorneys for the Home National Bank of Cleburne that it would be satisfactory with them and the Home National Bank of Cleburne for the bond to be filed as of May 20, 1925. With that impression, I approved the bond and filed it as of May 20, 1925, and placed my file mark thereon, showing that the bond was filed on May 20, 1925. The said bond was not presented to me, and was not filed with or by me until May 26, 1925, and my file docket shows that to be a fact, and the file mark on the appeal bond does not speak the truth.

"I told the attorneys for Ed Herd when they called for the transcript and statement of facts that the file mark on the appeal bond did not speak the truth, and that if the Home National Bank of Cleburne called on me for a statement to that effect that I would make such a statement and certify to it.

"Witness my hand, this 2d day of March, 1926.           [Signed]  Geo. L. Murphy.

"Subscribed and sworn to before me this 2d day of March, 1926.
                         "[Signed]  E. L. Reid.
    "Notary Public, Johnson County, Texas."

[1, 2] Appellant has filed a reply to said motion. He does not question the truthfulness

of the statements contained in the affidavit in support of appellee's motion to dismiss, but contends: (1) That this court cannot and will not consider evidence outside the record to contradict and impeach the record; that said record imports absolute verity, etc. (2) That said motion comes too late; that by their delay appellee has waived the question sought to be raised. There is no merit in either of these contentions. The question of the jurisdiction of this court may be raised at any time, and cannot be waived either by a party litigant or by this court. St. Louis S. W. Ry. Co. v. Hall, 98 Tex. 480, 85 S. W. 786; St. Louis S. W. Ry. Co. v. Elliston (Tex. Civ. App.) 128 S. W. 675. It is true affidavits contradicting the record will not be received nor considered by this court on any question involved in an appeal except a jurisdictional question but it is equally true that affidavits contradicting the record will be received and considered where such affidavit presents a fact or facts affecting the jurisdiction of this court and such fact or facts could not have been put in issue in the court trying the cause. Article 1593, Vernon's Sayles' Civ. St.; Dixon v. Lynn et al. (Tex. Civ. App.) 154 S. W. 656; City of Austin v. Nalle, 85 Tex. 455, 22 S. W. 668, 960; Claiborne v. M., K. & T. Ry. Co., 21 Tex. Civ. App. 648, 53 S. W. 837, 57 S. W. 336; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537; Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21; Seiter v. Marschall et al., 105 Tex. 205, 147 S. W. 226; Webster v. I. & G. N. Ry. Co. (Tex. Civ. App.) 184 S. W. 295; Harris v. Hobson, 5 Tex. 529; Hart v. Mills, 31 Tex. 304.

[3] The record in this case showing that appellant was a resident of Johnson county, that a motion for rehearing was overruled and notice of appeal given May 2, 1925, and that said term of court expired May 3, 1925, it is apparent, under article 2253, Revised Statutes 1925, that the last day on which an appeal bond could be filed and thereby confer jurisdiction on the appellate court was May 23d or 24th. The transcript shows said bond to have been filed May 20, 1925. The affidavit of the county clerk who made the transcript shows said bond was not filed until May 26th, and he explains why it came to be filed back as of May 20, 1925. If the transcript speaks the truth, then the honorable Court of Civil Appeals at Fort Worth acquired jurisdiction, and, said cause being legally transferred to this court, we acquired jurisdiction. If the affidavit speaks the truth, then the Fort Worth appellate court acquired no jurisdiction, and we have none. It is not a question of who is at fault, if any one, nor of what the result may be, nor of delay, nor of waiver, nor of whether or not it is a wise policy to permit the clerk to impeach his own record, but the only question here involved is, has this court acquired any jurisdiction? If the affidavit attached to appellee's motion is true, we have not and there is nothing further to be said. In view of the fact the affidavit makes a reasonable explanation of why the bond was filed back as of May 20th, when as a matter of fact it was actually filed May 26th, and in view of the fact that appellant, although answering said motion to dismiss, did not question the facts as stated in said affidavit, we must conclude said affidavit speaks the truth, and so this court has no jurisdiction.

Appellee's motion to dismiss this appeal is sustained and said cause dismissed.

BARCUS, J. (dissenting) I regret that I cannot agree with my associates in dismissing this cause for lack of an appeal bond. I agree with them that the appellate court can hear affidavits to determine its jurisdiction. As I understand the decisions, a clerk is not and should not be permitted by an ex parte affidavit to impeach his own records. Gibson v. Singer Sewing Machine Co. (Tex. Civ. App.) 145 S. W. 633; Sumrall v. Russell (Tex. Civ. App.) 262 S. W. 507; Davis v. Finch (Tex. Civ. App.) 236 S. W. 775; Brown v. Boles (Tex. Civ. App.) 52 S. W. 120; Willis v. Smith, 90 Tex. 635, 40 S. W. 401. It has been uniformly held that the verdict of a jury cannot be impeached by the testimony of the jurors themselves. Ellis v. Ponton, 32 Tex. 434; Galloway v. Floyd, 36 Tex. Civ. App. 379, 81 S. W. 805; St. L. S. W. Ry. Co. v. Gentry (Tex. Civ. App.) 98 S. W. 226; Willingham v. Brown (Tex. Civ. App.) 163 S. W. 107. Articles 358 and 359 of the Criminal Statutes (Penal Code) provide for penalties where a clerk does give false certificates. The only evidence we have in this court is given by the clerk himself. He prepared and certified to the transcript on July 31, 1925, which shows that he filed and approved the appeal bond on May 20, 1925. He made an affidavit eight months thereafter, which is copied in the majority opinion, to the effect that neither his file mark on the appeal bond nor his certificate to the transcript was true. In order that the appellant might not be, without any fault of his, deprived of his right of appeal, I think the original certificate and filing as made by the clerk should control, rather than his affidavit. I think the court should believe the original record as made by the clerk rather than his affidavit made eight months thereafter. The same rule and reason for not permitting a juror to impeach his verdict should apply to a clerk's records.

I think the motion to dismiss should be overruled.