Billy Roy **MIDDLETON** et al.,
Appellants,

v.

Henry **MARTIN,** Appellee.

No. 12088.

Court of Civil Appeals of Texas,
Austin.

April 10, 1974.

Rehearing Granted April 10, 1974.

John R. Duren, Copperas Cove, for appellants.

Charles W. Lynch, Lynch, Nored, Martin & Millican, Lampasas, for appellee.

On motion for rehearing

PHILLIPS, Chief Justice.

We withdraw our original opinion in this case and substitute the following:

Henry Martin, appellee herein, filed suit in the district court of Bell County against Big K Furniture Company, Inc. and its officers Billy Roy Middleton and Marlin Q. Bond on an open account for $1,200. Appellee also sought to have a receiver appointed to marshall and preserve the assets of Big K Furniture Company, Inc. pending final hearing on the merits. The court then appointed a receiver as prayed for.

The interlocutory order appointing the receiver was rendered May 30, 1973. Thereafter, appellants gave notice of appeal and filed their transcript with this Court. On July 24, 1973, while the case was on appeal, Henry Martin moved the trial court to dismiss the action as to all defendants. The trial court granted this nonsuit by order dated July 23, 1973. Costs were assessed against the plaintiff Martin.

■ The dismissal of this suit at the appellee's request does not defeat our jurisdiction which was lawfully acquired.

Hedrick v. Matthews, 216 S.W. 424 (Tex. Civ.App.1919). When the question involved in an appeal, however, becomes moot so that no effective relief can be given to the party aggrieved, the appeal will be dismissed and an appellate court has no authority to make any other disposition of the appeal. A party may take a nonsuit and dismiss the cause of action asserted by him at any time notwithstanding the pendency of an appeal. Gladden v. Thurmond, Tex.Civ.App., 77 S.W.2d 703. Thus, the question becomes moot. Courts will not act at the instance of a defendant for no other purpose than to renew litigation *against* himself. Atlantic Oil Producing Co. v. Jackson, District Judge, et al., 116 Tex. 570, 296 S.W. 283 (1927).

■ When a cause becomes moot on appeal, all previous orders and judgment should be set aside and the cause, not merely the appeal, dismissed. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943).

■ Appellee's motion for rehearing is granted. On rehearing we reverse judgment of the trial court and remand this case to the trial court with instructions that the cause be dismissed. Costs are assessed equally against the parties. (Rule 448, Texas Rules of Civil Procedure).