Lawrence W. KLEIN and Jimmy L. Klein, Appellants,

v.

Lee DIMOCK and Bill Holman, Co-Executors of the Estate of L.A. Klein, Lee Dimock, Marcella Dimock, St. Mary's Catholic Church of Henrietta, Children's Playground Fund of St. Mary's Catholic Church of Henrietta, Catholic Church of Jacksboro, Texas, St. Theresa's Homes of Fort Worth, Scottish Rites Hospital, St. Joseph's Center of Dallas, North Texas Rehabilitation Foundation, Inc. of Wichita Falls, Clay County Memorial Hospital, Jana Beth Klein, Jennifer Klein and Mary Sue Klein, Appellees.

No. 2–85–057–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

Neil, Hartman & McRae, and Karen E. McRae, Dallas, for appellants.

Towery & Sutherland, and Richard T. Sutherland, Wichita Falls, for appellees Lee Dimock and Bill Holman, Co-Executors.

Banner, McIntosh & Dobbs, and Jack Banner, Wichita Falls, for appellees Lee Dimock and Marcella Dimock.

Crumley, Murphy & Shrull, and John W. Crumley and Michael W. Kelly, Fort Worth, for appellees St. Mary's Catholic Church, Childrens' Playground Fund of St. Mary's Catholic Church, Catholic Church of Jacksboro, Texas, St. Theresa's Homes and St. Joseph's Center.

Leonard E. Choate, Dallas, for appellee Scottish Rites Hosp.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

This is an appeal from a judgment by the trial court dismissing appellants' application for the probate of the 1961 joint and mutual will of L.A. Klein and his wife, Mary Louise Klein, and contest of the probate of L.A. Klein's 1981 will. Appellees are beneficiaries under the subsequent will. Appellants raise four points of error.

We affirm.

On April 27, 1961, L.A. Klein and his wife, Mary Louise, executed a "joint and mutual" will (the 1961 will) wherein the survivor was bequeathed the entire estate and upon the survivor's death, the remainder was to go to appellants, their grandsons, if the grandsons were then living. After the death of Mary Louise Klein, L.A. Klein duly probated the 1961 will.

Thereafter, on February 18, 1981, L.A. Klein made and executed another will revoking the joint will made April 27, 1961. Under this later will (the 1981 will), which named appellees, Lee Dimock and Bill Holman, co-independent executors, appellants received a lesser share of decedent's estate. L.A. Klein subsequently died on July 27, 1981. Appellees, Dimock and Holman, then filed an application for probate of the 1981 will. Said will was admitted to probate by an order dated August 11, 1981.

On December 28, 1983, appellants filed for the probate of the 1961 will. On January 12, 1984 appellees, Bill Holman and Lee Dimock, filed a plea in abatement and contest of the probate of the 1961 will, claiming that the probate of the 1961 will was barred by the probate of the 1981 will. The case was duly transferred to the district court on January 24, 1984. On July 31, 1984 appellants then filed a renewed application to probate the 1961 will, and a contest of the probate of the 1981 will. The appellees filed various pleas in bar, claiming that the probate of the 1981 will was final, and that appellees' suit was barred by the statute of limitations.

On November 2, 1984, a hearing was held on the various pretrial motions. Judgment was rendered against appellants and in favor of appellees on November 26, 1984. While appellants made a request for findings of fact and conclusions of law, none were made, and so we will treat the recitations contained in the judgment as findings and conclusions. *Flowers v. Texas Dept. of Human Resources*, 629 S.W.2d 891, 893

(Tex.App.—Forth Worth 1982, no writ). The trial court found that the 1981 will was properly admitted to probate, and that appellants' suit was barred by the statute of limitations.

■ In their first point of error appellants argue the trial court erred in dismissing their application for probate of the 1961 will as such action was a proceeding pursuant to TEX.PROB.CODE ANN. sec. 83(b) (Vernon 1980), and thus was governed by a four year statute of limitations. *See* TEX. PROB.CODE ANN. sec. 73(a) (Vernon 1980). Appellants assert that the question for the fact finder in a sec. 83(b) proceeding is which will is the last *valid* will, not which will was executed last. In this regard, appellants contend the 1961 will was the last valid will even though the 1981 will was executed at a later date. We find appellants' argument that their action is a sec. 83(b) proceeding to be without merit as it overlooks the interplay between TEX. PROB.CODE ANN. secs. 73, 83(b) and 93 (Vernon 1980).

Section 83(b) recognizes the situation where, after a will has been admitted to probate, an application may be made for the probate of another will of the decedent and provides that the court shall determine the matters of probate or intestacy. Section 73(a) gives a party four years after the death of the testator to file a will for probate. Thus, a sec. 83(b) proceeding is governed by a four year limitation period. Alternately, with some exceptions not material here, sec. 93 limits the period for contesting the validity of a probated will to two years after the will has been admitted to probate.

■ In determining the nature of a particular proceeding involving two wills, case law indicates the probate of a later will is not a contest of an earlier will. *See Estate of Morris*, 577 S.W.2d 748, 752 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.). Rather, it is a proceeding under sec. 83(b) governed by the four year statute of limitations. *See* TEX.PROB.CODE ANN. sec 73(a). This is true because the probate of the later will revoking all others, has the

incidental effect of revoking the former probate of the earlier will. *Morris*, 577 S.W.2d at 752.

The same logic does not control, however, where a later will has been admitted to probate and a party then seeks to probate an earlier will. Such a proceeding is a direct attack on the later will and is under the purview of sec. 93 with its two year limitation period.

Appellants' purpose in seeking the probate of the 1961 will was to set aside the provisions of the 1981 will which specifically revoked all prior wills. It is undisputed that the validity of the 1981 will was not challenged within the two year limitation period. Thus, appellants' application for probate of the 1961 will was properly dismissed as such action was barred by the two year statute of limitations for will contests. *See* TEX.PROB.CODE ANN. sec. 93. We accordingly overrule point of error one.

■ Point of error two is overruled wherein appellants claim the trial court erred in dismissing their declaratory judgment action as such point is supported by no authorities and contains only general arguments. As such, it fails to meet the minimum briefing rules and is considered to be waived. *See Riley v. Powell*, 665 S.W.2d 578, 581–82 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.); *McCarthy v. George*, 623 S.W.2d 772, 775 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.); TEX.R. CIV.P. 414(e).

■ In point of error three, appellant argues that no evidence was presented to the trial court to prove that the statute of limitations had run. However, appellants in their application to set aside probate of the 1981 will pled that said will was ordered probated on August 11, 1981. Allegations contained in pleadings are conclusive against the pleader, and it is unnecessary for the opposing party to introduce evidence to obtain the benefit of the admissions. *Taylor v. Catalon*, 140 Tex. 38, 166 S.W.2d 102, 105 (1943). Furthermore, a court can take judicial notice of the papers

on file in a case, *see Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763 (1942); *Texas Securities Corporation v. Peters*, 463 S.W.2d 263, 265 (Tex.Civ.App.—Fort Worth 1971, no writ), and so it can judicially notice that appellants filed their application on December 28, 1983. This is sufficient evidence on which the judge can determine that the application was filed beyond the limit of the two year statute of limitations. We overrule appellants' point of error three.

By their fourth point of error, appellants urge the trial court erred in denying their motion to consolidate this case (application for probate of 1961 will) and cause number 2–85–056–CV (1981 will contest) as both cases involve common questions of law and fact. In response, appellees maintain the trial court's action was not reversible error since both causes of action were barred by the two year statute of limitations. *See* TEX.R.CIV.P. 434. In view of our earlier discussion concerning the statute of limitations, we agree with appellees and overrule appellants' fourth point of error.

We affirm.