Lawrence W. **KLEIN** and Jimmy L. Klein, Appellants,

v.

Lee **DIMOCK**, and wife, Marcella Dimock, Appellees.

No. 2–85–132–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

Neil, Hartman & McRae, and Karen E. McRae, Dallas, for appellants.

Banner, McIntosh & Dobbs, and Jack Banner, Wichita Falls, for appellees.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

Lawrence and Jimmy Klein appeal from the rendering of summary judgment against them on their suit to set aside deeds and trespass to try title.

We dismiss the appeal, and direct the trial court to dismiss the cause without prejudice because it is moot.

In 1973, L.A. Klein executed a deed granting land to appellees. This deed was neither delivered nor recorded during Mr. Klein's lifetime and was only found a few days after his death. In 1981, Mr. Klein executed a will, giving the same land in the deed to the same parties. While the probate of the will is pending, appellants filed suit to have the deeds declared void. Appellees answered and then recorded the deed. The trial court granted a motion for summary judgment in favor of appellees.

 A case is moot when a judgment therein, for any reason, cannot have any practical effect upon an existing controversy. *Roadrunner Investments v. Texas Util. Fuel Co.*, 526 S.W.2d 615, 617 (Tex. Civ.App—Fort Worth 1975, no writ). In view of our decisions this day in *Klein v. Dimock*, 705 S.W.2d 405 (Tex.App.—Fort Worth, 1986) (not yet reported) and *Klein v. Dimock*, 705 S.W.2d 408 (Tex.App.— Fort Worth, 1986) (not yet reported) upholding the probate and disposition of L.A. Klein's 1981 will, this cause is moot because the appellees will have title to the land regardless of whether the deeds are set aside. This renders the case moot. *Taylor v. Taylor*, 91 S.W.2d 394, 396–97 (Tex.Civ.App.—Amarillo 1936, no writ). Once a case is rendered moot, the only course for an appellate court is to dismiss the appeal and direct the trial court to dismiss the action without prejudice. *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943); *Middleton v. Martin*, 508 S.W.2d 495, 496 (Tex.Civ.App.—Austin 1974, no writ).

Therefore, this appeal is dismissed, and the trial court is ordered to dismiss this action without prejudice.