Lawrence W. **KLEIN** and Jimmy L. Klein, Appellants,

v.

Lee **DIMOCK,** and wife, Marcella Dimock, Appellees.

No. 2–85–132–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 29, 1986.

Neil, Hartman & McRae and Karen E. McRae, Dallas, for appellants.

Banner, McIntosh & Dobbs and Jack Banner, Wichita Falls, for appellees.

## OPINION ON MOTION FOR REHEARING

HILL, Justice.

In our original opinion, we dismissed this appeal and directed the trial court to dismiss this cause without prejudice, finding that it was moot. *See Klein v. Dimock*, 705 S.W.2d 404 (Tex.App.—Fort Worth 1986). The Kleins and the Dimocks, the appellants and appellees herein, all agree that the issue is not moot because our decisions in No. 2–85–056–CV and No. 2–85–057–CV are not final. *See Klein v. Dimock*, 705 S.W.2d 405 (Tex.App.—Fort Worth 1986) (reh'g overruled) and *Klein v. Dimock*, 705 S.W.2d 408 (Tex.App.—Fort Worth 1986) (reh'g overruled). We grant the parties' motions for rehearing, set aside our previous judgment and substitute the following opinion for our original opinion in this cause:

Lawrence and Jimmy Klein, the appellants, brought this trespass to try title suit in which they also sought to have certain deeds declared invalid and set aside and to recover damages against Lee Dimock and his wife, Marcella, the appellees. Both parties moved for summary judgment. The Kleins appeal from the trial court's granting of a summary judgment quieting the Dimocks' title to the property and holding that the Kleins take nothing by their suit. In two points of error, the Kleins assert that the trial court erred in granting the summary judgment.

We affirm, because we find that the Kleins have no standing to bring this suit.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47. If such uncontroverted evidence is from an interested wit-

ness, it cannot be considered as doing more than raising a fact issue, unless it is clear, direct, positive and free from inconsistencies and contradictions. *Id.; see also American Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980) (per curiam) (affirming a summary judgment based solely upon the uncontroverted testimony of an interested party). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

In 1973, L.A. Klein executed a deed granting land to the Dimocks. This deed was neither delivered nor recorded during Mr. Klein's lifetime and was only found a few days after his death. In 1981, Mr. Klein executed a will in which he left the land to the Dimocks. The 1981 will has been admitted to probate. After the Kleins filed this suit, the Dimocks recorded the deed. The Kleins' claim to an interest in the property is based on it being left to them under the terms of a 1961 joint and mutual will of L.A. Klein and Mary Louise Klein, executed in 1961. In separate opinions, for the reasons we have stated therein, we have affirmed rulings of the trial court which hold that the Kleins are precluded from probating the 1961 joint and mutual will or contesting the probate of the 1981 will.

The probate of the 1981 will forecloses any interest of the Kleins in the property. Since the Kleins have no interest in the property, they are without standing to bring this lawsuit. *See Pike v. Crosby,* 472 S.W.2d 588, 590–91 (Tex.Civ.App.—Eastland 1971, no writ). Because the Kleins have no standing to bring this lawsuit by virtue of having no interest in the property, the trial court did not err in granting the Dimocks' motion for summary judgment nor in denying the Kleins' motion for summary judgment. We overrule points of error one and two.

The judgment is affirmed.