**SHIVERS WELL SERVICE, INC., Relator,**

v.

**The Honorable Sam HOUSTON, Judge, 211th District Court, Denton County, Denton, Texas, Respondent.**

**No. 2–87–124–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 2, 1987.

Maxwell, Godwin & Carlton, David L. Patterson and Kathleen W. Foster, Dallas, for relator.

Krell & Torigian, Raymond A. Krell, Houston, for respondent.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Relator, Shivers Well Service, Inc., seeks a writ of mandamus to compel the Honorable Sam Houston, 211th District Court Judge of Denton County, to grant relator's motions for judgment nunc pro tunc in cause numbers 84–3123–C, 84–3126–C, 84–3345–C, and 84–3363–C. Agreed default judgments were entered in each cause against Rex Cauble, individually and "Cauble Enterprises, Inc." Respondent denied relator's motions for judgment nunc pro tunc which would have respondent remove the designation "Inc." from defendant Cauble Enterprises' name.

The writ is denied because relator has an adequate remedy at law.

Relator brought these four suits against defendants, Cauble Enterprises and Rex Cauble. Various documents filed of record name either "Cauble Enterprises" or "Cau-

ble Enterprises, Inc." as the real party in interest in these causes. Relator brought motions to strike defendants' pleadings and enter default judgments after defendants failed to answer interrogatories put to them by relator. Agreed default judgments were entered against Rex Cauble and "Cauble Enterprises, Inc."

Almost five months after these judgments were entered, relator filed its motions for judgment nunc pro tunc to have the designation "Inc." removed. Respondent denied the motions because they pertained to agreed judgments.

Relator argues in its petition for writ of mandamus that respondent erred in failing to correct what is clearly a clerical error inadvertently made. Relator offers the case of *Bockemehl v. Bockemehl*, 604 S.W.2d 466 (Tex.Civ.App.—Dallas 1980, no writ) as authority for its contention that judgment nunc pro tunc may apply in an agreed judgment case.

We need not address these contentions because we find that relator has an adequate remedy at law. It is well-established that mandamus does not lie when the relator has such a remedy. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The right to institute and pursue an ordinary lawsuit against a party may be an adequate remedy. *See Manion v. Lockhart*, 131 Tex. 175, 114 S.W.2d 216, 219 (1938); *Smith v. McCoy*, 533 S.W.2d 457, 461 (Tex.Civ.App.—Dallas 1976, writ dism'd); *Lovell v. Bynum*, 315 S.W.2d 20, 22 (Tex.Civ.App.—Austin 1958, writ ref'd n.r.e.).

In its original petitions, relator describes the Cauble Enterprises against which it sought action as "a limited partnership." The following documents [1] also name "Cauble Enterprises" as the real party in interest: the citation served on defendant; defendant's plea of privilege and original answer; defendant's first amended answer; defendant's counterclaim; the interrogatories propounded to defendant (in

---

1. The documents filed in each of these four actions are substantially identical so they will be referred to in the singular.

the text); defendant's motion for substitution of counsel; and respondent's order for substitution of counsel. The designation "Inc." was added in the style of the interrogatories propounded to defendant, in respondent's order to compel answers to the interrogatories, and in the agreed default judgments.

From these facts and the record as a whole we find that the limited partnership named "Cauble Enterprises" is, and was intended by relator to be, the true defendant in this case. For what it may be worth, relator presently holds judgments against "Cauble Enterprises, Inc." (if there is such an entity). The judgments, however, are only interlocutory since they fail to dispose of a party named in the original petitions and properly served with citations and who actively participated in these causes. *See Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986) (per curiam). It is noteworthy that the agreed default judgments contain no language disposing of any and all parties and issues not specifically addressed in the judgments. Thus, relator's lawsuit against "Cauble Enterprises" is still pending and any pleadings filed by this defendant are alive and well. Relator's remedy is to pursue this lawsuit to a final judgment; therefore, mandamus does not lie.

The writ is denied.