**Steven HANAU, et al., Relators,**

**v.**

**Honorable A.G. BETANCOURT, Judge of the County Court at Law No. 2 of Cameron County, Texas, Respondent.**

**No. 13–90–411–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1990.

Rehearing Overruled Dec. 28, 1990.

**372**

Michael J. Cenatiempo, Sharon Brand Gardner, Helen B. Wils, Cenatiempo & Gardner, Houston, for relators.

A. G. Betancourt, Judge, County Court at Law No. 2, Brownsville, pro se.

Randell W. Friebele, Friebele & Mardis, Harlingen, Luis V. Saenz, County (Crim. Dist.) Atty., Brownsville, for respondent.

Before NYE, C.J., and KEYS and SEERDEN, JJ.

## OPINION

KEYS, Justice.

Relators are beneficiaries of the will of Robert C. Hanau. Respondent, the Honorable A.G. Betancourt, is Presiding Judge over the County Court at Law No. 2 of Cameron County, Texas, and the real party in interest is Dorris Dunn Hanau, former executrix of Robert C. Hanau's estate (the estate).

Mrs. Hanau and relators had disputed whether certain investments were community or separate property. The Supreme Court found in relators' favor and on July 22, 1987, issued its mandate in *Hanau v. Hanau*, 730 S.W.2d 663 (Tex.1987). Respondent then held numerous hearings, during which it was clear that Mrs. Hanau had disposed of some of the stocks in question during the course of her administration of the estate. Relators maintained that they were entitled to the stocks which were in the estate originally, rather than the stocks which Mrs. Hanau bought with the proceeds of the sale of those stocks.

Eventually, Mrs. Hanau turned over to relators the substitute stocks, some money, and some other items, and on June 18, 1990, filed a verified "final account." Respondent, in an order dated June 21, 1990, found that Mrs. Hanau's filing of the account on June 18 terminated the independent administration and that in view of the closing of the estate, there were no other matters to be heard.

Relators had not received some of the particular stocks to which they claimed entitlement, and claim Respondent refused to enforce the Supreme Court mandate. By the Petition for Writ of Mandamus before us now, relators seek to compel respondent to enforce his order to have the particular stocks transferred to them.

On July 20, 1990, relators brought suit against Mrs. Hanau, individually and as purported independent executrix of the estate, and her sons, among others, in Cause No. 90–044983 in the 270th Judicial District Court of Harris County. By paragraphs 21 through 28, relators allege misconduct of Mrs. Hanau in her handling of the estate resulting in damages to the estate and its beneficiaries. They sue "either for the return of the property they have wrongfully cheated Mr. Hanau and his Estate out of, or for damages equal to the value of such property (including all recapitalizations and lost income from any such property)." Among other things, their prayer asks for judgment:

2. Against Dorris Dunn Hanau for a judicial accounting and settlement of the

estate and for a surcharge judgment against her for all actual damages sustained by plaintiffs and the Decedent's Estate by reason of her negligence, breaches of trust, gross misconduct, gross negligence, breaches of duty as Independent Executrix of the Estate of Robert C. Hanau, Deceased, negligent and wrongful sales of estate assets, negligent and imprudent investments with Estate money, and other cheating by this defendant;

.    .    .    .    .

5. Against Dorris Dunn Hanau for all wrongful distributions of property from the estate to herself, including all lost revenue therefrom;

6. Against Dorris Dunn Hanau for the current fair market value of all Estate securities passing to plaintiffs under the Decedent's Will which were wrongfully sold by Dorris Dunn Hanau during the Estate administration, together with all lost revenue which would have been earned from such securities had they not been sold (with credit to Dorris Dunn Hanau, if any, for any proceeds from the original sales of such securities);

.    .    .    .    .

To be entitled to mandamus relief, relators must show that they have no other adequate remedy at law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The right to institute and pursue an ordinary lawsuit against a party may be an adequate remedy. *Shivers Well Serv., Inc. v. Houston*, 736 S.W.2d 251, 252 (Tex.App.—Fort Worth 1987, orig. proceeding). A litigant's expense and inconvenience, without more, does not usually establish a basis for the issuance of a mandamus. *Zalta v. Tennant*, 789 S.W.2d 432, 433 (Tex.App.— Houston [1st Dist.] 1990, orig. proceeding).

Under Tex.Prob.Code Ann. § 151(b) (Vernon 1980), the filing of the final account verified by affidavit terminates the independent administration and the power and authority of the independent executor, but it does not relieve the executor of liability for any mismanagement of the estate or from liability for any false statements in the affidavit. Section 151(c) provides that the persons described in the will as entitled to receive particular assets may enforce their right to payment or transfer by suit. Thus, the statute spells out relators' remedy: a suit at law. *See InterFirst Bank—Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The pleadings in relators' cause in Harris County shows that it is a suit to recover the estate property they claim, or its value. Since relators have an adequate remedy at law, they are not entitled to mandamus relief.

We DENY relators' Petition for Writ of Mandamus.