TEXAS & P. RY. CO. et al. v. BECKHAM BROS. & CO. (No. 815.)

(Court of Civil Appeals of Texas. El Paso. March 28, 1918. Rehearing Denied May 2, 1918.)

APPEAL AND ERROR ☞715(2)—POWER TO ASCERTAIN JURISDICTION—AFFIDAVITS.

A suit was brought by a copartnership alleged to be composed of Mont Beckham, Charles Dublin, and others. The judgment rendered was in favor of J. H. Beckham, C. A. Dublin, and others. Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, provides that courts of appeal shall have power, upon affidavit, or otherwise, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction. Held, that assignment that there was no final judgment disposing of Mont Beckham and Charles Dublin would not be sustained where appellees, by affidavit, showed that Mont Beckham and J. H. Beckham are the same person, and the same as to Dublin; there being no showing to the contrary.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by Beckham Bros. & Co. against the Texas & Pacific Railway Company and its receivers. Judgment for plaintiffs against the receiver defendants, and such defendants appeal. Affirmed.

John B. Howard and Clay Cooke, both of Pecos, for appellants. Ben Palmer and W. A. Hudson, both of Pecos, for appellees.

HARPER, C. J. This action was brought by a copartnership, alleged in the petition to be composed of W. L. Beckham, Mont Beckham, Charles Dublin, and R. C. Withers, against the Texas & Pacific Railway Company and J. L. Lancaster and Pearl Wight, receivers, for damages on account of injuries to and death of certain cattle shipped by appellees over the Texas & Pacific Railway, alleged to have been caused by unreasonable delays and rough handling. Appellants answered by general and special exception and general denial; specially answered that said cattle were shipped over their lines, under contract of shipment executed by the parties, which provided that the stock transported were not to be transported at any particular speed, nor within any specified time, or delivered at any destination at any particular hour, or in time for any market, and specially denied that said cattle were roughly handled; and alleged that they were not injured or bruised any more than is customary and necessary in the handling of a freight train the distance that these cattle were handled, and that the cattle were handled in the usual, ordinary and customary way, and were moved as fast and as quickly as was possible to have been moved in the premises. The cause was dismissed as to the railway company. Tried with jury; verdict and judgment for $986.25, against the receivers, in favor of W. L. Beckham,

---

J. A. Beckham, E. J. Beckham, C. A. Dublin, and R. C. Withers.

Appellants first suggest that there is no final judgment, because it does not dispose of Mont Beckham and Charles Dublin. Upon inquiry by this court as to the facts in aid of its jurisdiction, appellees by affidavits show that Mont Beckham and J. H. Beckham are the same person, and the same as to Dublin, and there is no showing to the contrary. We therefore hold the judgment to be final. Article 1593, Vernon's Sayles' Civ. Stat.; Webster v. I. & G. N. Ry. Co., 184 S. W. 295.

The assignments urge that the judgment is contrary to the law, and the evidence is against the great weight and preponderance of the evidence, and that the verdict is excessive, etc. We have carefully read the statement of facts, and are of the opinion that there is sufficient evidence to support the verdict, and that it is not excessive.

The assignments must therefore be overruled, and cause affirmed.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Second petition for rehearing denied June 6, 1918.