Bob BOWEN, Individually and as Executor of the Estate of Marjorie S. Johnson, Deceased, Appellant,

v.

James HAZEL, et al. Appellees.

No. 9510.

Court of Appeals of Texas, Texarkana.

Jan. 13, 1987.

David Folsom, Young, Patton & Folsom, Texarkana, for appellant.

Charles G. Hall, Hall & Rogers, Texarkana, for James Hazel.

Anthony Lusk, Texarkana, for Letha Roberts, Curtis Smith, Louise Williamson and Howard Hazel.

BLEIL, Justice.

This is an appeal from a district court's judgment of dismissal for lack of jurisdiction in a probate matter. The district court dismissed the case because it determined that the county court had entered a final judgment in the same matter, which was not appealed. Thus it declined jurisdiction. We affirm.

Bob Bowen is the named executor in the will of Marjorie Johnson, deceased. Bowen, Johnson's nephew, filed an inventory, appraisement, and list of claims in the county court, sitting as probate court, of Bowie County. This inventory and appraisal did not include the following thirteen items of property: nine certificates of deposit, two checking accounts, and two savings accounts. These items were not included in the inventory because Bowen determined that they were to pass by right of survivorship rather than under Johnson's will. Bowen is listed as the joint tenant with survivorship rights on each of the items involved.

The appellees, Johnson's testamentary beneficiaries, filed a challenge to the inventory and appraisal, alleging that the accounts and certificates of deposit were part of the estate. As a result, the county court held a hearing and issued an order on December 5, 1985, requiring Bowen to return some of the money to the estate pending a final determination of the cause. The court's order recites that it finds as a matter of law that certain monies now possessed by Bowen shall be returned to the estate pending final determination because said funds were and are the property of the estate.

In response to this order, Bowen filed a petition for declaratory judgment in Bowie County district court. This petition was answered and later two motions for summary judgment were filed by different parties; the answer and each motion alleged that the order of December 5 was a final order, appealable only to the Court of Appeals, and therefore the district court lacked jurisdiction to adjudicate the issue.

The district court held a hearing on May 2, 1986, and determined that the county court's order of December 5 was a final order; it thereupon dismissed the petition for declaratory judgment for lack of jurisdiction.

The December 5 order requires Bowen to return certain monies to the estate pending final disposition. The wording of the order, including the repeated use of the phrase "pending final disposition," ordinarily would require us to conclude that the order is interlocutory and not appealable.

Appeals in probate matters are distinguishable from the usual appeals in civil cases. *Carter v. Carter*, 594 S.W.2d 464 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). The authority to appeal from an order of a probate court is governed by Tex.Prob. Code Ann. § 5(e) (Vernon 1980), which provides: "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of

(civil) appeals." This has been held to mean that an order in a probate proceeding is appealable if it finally adjudicates some substantial right and the order may be final and appealable even though the decision does not fully and finally dispose of the entire probate proceeding. *Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385 (1945); *Estate of Wright*, 676 S.W.2d 161 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ Here, the order clearly declares the monies in controversy to be a part of the estate. Although the county court has not specifically determined—and obviously will do so later—whether the funds in the accounts will pass as a part of the estate or pursuant to a survivorship agreement, we conclude it is an appealable probate court order because it finally determines a substantial right. We conclude that the district court properly determined that the county court order was a final, appealable judgment. We do not preclude the possibility of appellate review of the probate court's ultimate determination of the ownership of the funds in question.

■ We conclude that the district court properly dismissed the case. Furthermore, the district court could have dismissed the case because at the time the suit was filed, the county court exercised exclusive jurisdiction of the subject matter, subject only to the uninvoked rights of transfer of the proceeding. Tex.Prob. Code Ann. § 5 (Vernon 1980 & Supp. 1986). Moreover, the district court could have declined to exercise its jurisdiction if it had concluded that the same issues between the same parties were involved in the cause pending at the time of the filing of the declaratory judgment suit. *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex.1970); *see also* 30 Tex.Jur.3d *Declaratory Relief* § 7 (1983).

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

I concur that the district court properly dismissed the proceeding for want of jurisdiction.

A petition must show that a cause of action is within the jurisdiction of the court, before the court may enter a decree affecting the rights of the parties under the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem. Code §§ 37.001 et seq. (Vernon 1986). *Wilson v. Wilson*, 378 S.W.2d 156 (Tex.Civ.App.—Tyler 1964, no writ). In the present case, the county court exercised original probate jurisdiction pursuant to Section 5(b) of the Probate Code. The constitutional county court has original probate jurisdiction, which may on its own motion, or shall on the motion of any party, transfer to the district court. Tex.Prob. Code Ann. § 5(b) (Vernon Supp. 1986). Section 5(d) of the Probate Code provides that, "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." Tex.Prob. Code Ann. § 5(d) (Vernon 1980).

Section 5A of the Probate Code defines "matters appertaining and incident to an estate" in subsection (a) as the term applies to constitutional county courts:

(a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons.

Tex.Prob. Code Ann. § 5A(a) (Vernon 1980).

A county court which has exercised original probate jurisdiction in a matter has the exclusive jurisdiction to hear all incident claims. *Thomas v. Tollon,* 609 S.W.2d 859 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).[1]

The case of *English v. Cobb,* 593 S.W.2d 674 (Tex.1979), involved litigation to determine the ownership of a savings account and whether it would pass as a part of the estate or whether the joint tenancy with a right of survivorship constituted a non-testamentary gift to the joint tenant. The Supreme Court held that this matter was "incident to an estate."[2]

In the case of *Potter v. Potter,* 545 S.W.2d 43 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e), the appellate court faced the issue of whether the determination of the ownership of certain stock was within the jurisdiction of the probate court. This was a situation in which a third party was claiming an ownership interest in the stock, and the estate was claiming ownership. The appellate court found that this proceeding was incident to the estate.

The basic thrust of the Probate Code's jurisdictional provisions on matters incident to the estate is to more efficiently settle all matters in one proceeding. *Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980). When an issue arises as to whether or not an asset is a part of the estate being administered, the court handling the probate must by necessity determine if this property is a part of the inventory of the estate, and further must take necessary steps to preserve the subject matter involved in the proceeding. *See* 17 M. Woodward & E. Smith, Probate and Decedents' Estates § 9 (Texas Practice Supp. 1985).

Thus, regardless of the finality of the county court order, the district court's dismissal on the basis of lack of jurisdiction was proper.

---

1. The jurisdictional amendments to the Probate Code have been challenged on the basis that they diminish the constitutional power of the district court, but the Constitution expressly grants the Legislature power to diminish the jurisdiction of either the district court or probate court with respect to probate matters. *Pullen v. Swanson,* 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

2. The case of *Seay v. Hall,* 677 S.W.2d 19 (Tex. 1984), determined that a suit for personal injuries was not included in the "incident to" language, and ruled that only liquidated claims are contemplated by the statute. However, this case did not affect the ruling in *English v. Cobb,* 593 S.W.2d 674 (Tex.1979).