Charles Ben HOWELL, Appellant,

v.

Oscar MAUZY, et al., Appellees.

No. 3–88–181–CV.

Court of Appeals of Texas,
Austin.

May 31, 1989.

Rehearing Denied Aug. 2, 1989.

Peter L. Bargmann, Dallas, for appellant.

David R. Richards, Richards, Wiseman & Durst, Austin, for appellees.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

Charles Ben Howell, plaintiff below, appeals from a summary judgment rendered by the trial court on the motion of Oscar Mauzy, defendant. We will dismiss the appeal for want of jurisdiction.

### THE CONTROVERSY

After contested primary elections, Howell and Mauzy became the Republican and Democratic party nominees, respectively, for a term of office as justice of the Supreme Court of Texas, to begin January 1, 1987. Shortly before the general election was held in November 1986, Howell filed the present lawsuit to recover money damages, and injunctive relief, based upon Mauzy's alleged violation of several campaign-financing limitations and requirements imposed upon candidates for public office by the Texas Election Code Ann. (1986 & Supp.1989). Sections 251.008 and 251.011(k) of the Code create, in favor of an "opposing candidate," a civil liability on the part of a candidate who violates the limitations and requirements in question.

Mauzy answered in the suit by a general denial, accompanied by his plea that Howell's causes of action should be dismissed because Howell lacked the "standing" necessary to recover thereon. Mauzy alleged as well a counterclaim for a declaratory judgment, to the effect that Mauzy had in fact complied with the campaign-financing provisions of the Election Code. Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.011 (1986 & Supp.1989). In his counterclaim, Mauzy prayed for the attorney's fees authorized by § 37.009 of the Uniform Declaratory Judgments Act: "the court may award [such] costs and reasonable and necessary attorney's fees as are equitable and just."

Howell and Mauzy moved for summary judgment on their respective causes of action. After making interlocutory rulings on each of Mauzy's two motions for summary judgment, the trial court signed on April 18, 1988 the judgment we are asked now to review. The instrument provides:

\* \* \* \* \* \*

The Court having entered two separate summary judgments in this matter on March 24, 1988, which summary judgments disposed of the issues before the Court;

*It is accordingly ORDERED and ADJUDGED that Howell take nothing by his action and that Howell's action is hereby dismissed;*

It is further ORDERED that Mauzy have and recover judgment on his counter-claim for declaratory relief as set forth in the summary judgments previously entered and that Mauzy have and recover as a reasonable attorneys' fee the sum of $10,000.00, for obtaining the declarations of law as set out on March 24, 1988, and his costs.

*In the event an appeal is taken in this matter, Mauzy is granted leave to apply to this Court for additional attorney fees, if appropriate, following remand.*

Howell in open court took exception to these actions and gave notice of appeal....

\* \* \* \* \* \*

We have supplied the emphasis in the foregoing quotation, and substituted the parties' surnames for clarity.

### DISCUSSION AND HOLDINGS

Apart from exceptions not applicable here, we have jurisdiction to review only the final judgments of lower courts. Tex. Civ.Prac. & Rem.Code Ann. § 51.012 (1986); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Both parties have assumed, in this appeal, that the instrument signed by the trial court on April 18, 1988 *is* a final judgment within our power to review on assignments of error. We should nevertheless inquire in that regard because a final judgment is essential to our power to give a decision in the appeal. *See Wagner v. Warnasch,* 295 S.W.2d 890, 893 (Tex.1956). We conclude the instrument lacks on its

face the essential attributes of a final judgment.

We hold the purported final judgment is interlocutory because it explicitly provides the trial court might, "if appropriate," take further action in its adjudication of Mauzy's claim for attorney's fees under § 37.009 of the Uniform Declaratory Judgments Act; so much is indicated by the statement granting Mauzy. leave to apply to the trial court for additional attorney's fees, after remand, in the event an appeal is taken. This amounts to a reservation of power in the trial court to enlarge the sum awarded Mauzy as attorney's fees, in an additional amount over $10,000.00 (the sum stipulated by the parties to be reasonable in amount), as determined by the trial court after this appeal. Consequently, the instrument does not finally dispose of Mauzy's claim for attorney's fees under § 37.009, and the instrument cannot serve as a basis for appeal. *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex.1984).

The recovery of statutory attorney's fees, in a sum enlarged or reduced according to the course of events occurring in an appeal taken by a party liable for such fees, is permissible and almost routine. To make the attendant judgment certain, definite, final, and unconditional, however, the award of attorney's fees must be in terms that permit the clerk of the court to calculate the sum dictated by post-trial events, and place that sum in the writ of execution, as a *ministerial* act merely. *International Security Life Insurance Company v. Spray*, 468 S.W.2d 347, 350 (Tex.1971); *see also Steed v. State*, 183 S.W.2d 458, 460 (Tex.1944). That cannot be done ministerially under the terms of the instrument in question, which calls explicitly for the performance of a *judicial* function, after remand, in determining whether additional attorney's fees are "appropriate" and, if so, what sum should be awarded under the statutory authorization for attorney's fees that are "reasonable and necessary" and "equitable and just." These unquestionably imply a determination of issues of fact and law, as opposed to a ministerial function. We hold accordingly.

We should include these additional observations owing to the likelihood of a subsequent appeal. The meaning of the statement in the purported final judgment, relative to post-trial attorney's fees, is quite unclear because it makes Mauzy's possible entitlement to additional attorney's fees depend upon a *remand*, which implies in turn a *successful* appeal by Howell—the party against whom the additional sums would be adjudged. We doubt this literal meaning was intended, but no other meaning appears reasonable in view of the language employed. The uncertainty of the purported final order is augmented further by the statement therein directing that Howell *take nothing* by his action against Mauzy, while ordering simultaneously that Howell's action is *dismissed*. These orders are inherently inconsistent.

Howell has filed in his appeal several motions that we have no power to determine for the reason given above. We therefore order that they be dismissed.

We order the appeal dismissed for want of jurisdiction.