**William JONES, et al., Appellants,**

v.

**Mark C. GRIEGE, Appellee.**

**No. 05–90–01194–CV.**

Court of Appeals of Texas, Dallas.

Jan. 30, 1991.

William M. Jones, Dallas, for appellants.

Robert A. Miller, David E. Caviness, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and BURNETT, JJ.

## OPINION

BURNETT, Justice.

We questioned whether the judgment in this case was final, to determine whether we had jurisdiction over this appeal. For the reasons given below, we conclude that the judgment is final and that we do have jurisdiction.

Appellee Mark C. Griege succeeded appellant William Jones as the guardian of an incompetent person. Griege sued Jones and alleged that Jones had misappropriated various funds held in trust for the incompetent. Griege requested both actual and punitive damages from Jones.

■ Griege then filed a motion for summary judgment, which was granted. The summary judgment awarded Griege actual damages but was silent on Griege's request for punitive damages. Although the summary judgment did not purport to dispose of the entire probate proceeding, it is not necessary that it do so for purposes of appellate review. An order in a probate proceeding is appealable if it finally adjudicates some substantial right and the order may be final and appealable even though the decision does not fully and finally dispose of the entire probate proceeding. *Bowen v. Hazel*, 723 S.W.2d 795, 797 (Tex. App.—Texarkana 1987, no writ). Nonetheless, Griege's request for punitive damages was necessarily urged in Griege's proceeding against Jones. Therefore, if the summary judgment did not dispose of that request, then it did not finally adjudicate all of Griege's claims against Jones. A summary judgment enjoys no presumption of finality. *See Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) (per curiam) (on mot. for reh'g). Therefore, we had to determine whether this summary judgment disposed of Griege's request for punitive damages.

In response to the inquiry that we made, Griege's attorney wrote the Court a letter. It stated that:

As counsel for [Griege] and in consultation with my client, we decided not to pursue the punitive damage claim.... Therefore, the summary judgment which was entered was not entered by mistake. It was a conscious decision on the part of [Griege] to forego his right to attempt to collect punitive damages.

There is no showing that Griege had ever informed the trial court, however, of his decision to waive his request for punitive damages. We hold that it was not necessary for Griege to do so in order to show that the jurisdiction of this Court has been successfully invoked.

■ We are aware that parties cannot generally confer jurisdiction upon a court by waiver. What is usually meant by that principle, however, is that a party cannot agree to having an action heard by a tribunal that otherwise lacks authority to hear it. *E.g., Welder v. Fritz*, 750 S.W.2d 930,

932 (Tex.App.—Corpus Christi, orig. proceeding 1988) (parties cannot agree to treat a master's recommendation as if it were an order entered by a district judge for purposes of having it reviewed); *Hogan v. G., C. & S.F. Railway Corp.*, 411 S.W.2d 815, 816 (Tex.Civ.App.—Beaumont 1966, writ ref'd) (parties cannot agree to have the Ninth District Court of Appeals hear a case arising in the Twelfth District). A waiver of a court's lack of jurisdiction necessarily entails at least an implicit agreement between the parties, to which they hope that the court assents, to have the court resolve their controversy.

In contrast, Griege has not waived the lack of this Court's jurisdiction. He has waived only a claim for affirmative relief in the form of punitive damages.[1] His act of waiver is a "unilateral act," not requiring Jones's agreement. *Burton v. National Bank of Commerce of Dallas*, 679 S.W.2d 115, 117 (Tex.App.—Dallas 1984, no writ). By that unilateral act, Griege removes the necessity for the trial court to take any further action and so imparts the requisite finality to the judgment now in place. That Jones may not have known of Griege's decision to waive his request for punitive damages at the time that Jones perfected this appeal is irrelevant: at most, Jones would have perfected this appeal prematurely. *See* TEX.R.APP.P. 58(b). The only remaining question is whether Griege was required, once he had decided to waive his request for punitive damages, to take any further action in the trial court before he informed this Court of his waiver.

■ Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction. TEX.GOV'T.CODE ANN. § 22.220(c) (Vernon 1988). Appellate courts may receive affidavits to determine questions of jurisdiction if the facts are not otherwise apparent in the record. *Stewart v. Texco Newspapers, Inc.*, 734 S.W.2d 175,

177 (Tex.App.—Houston [1st Dist.] 1987, no writ). This Court has held that the inquiry into appellate jurisdiction is not in all cases limited to the record on appeal. *Smith v. Basham*, 227 S.W.2d 853, 855 (Tex.Civ.App.—Dallas), *aff'd*, 233 S.W.2d 297 (Tex.1950). A court of appeals may make inquiry into jurisdiction and hear extrinsic evidence to show that a record does not speak the truth, where it shows jurisdictional facts. *Loper v. Hosier*, 148 S.W.2d 889, 894 (Tex.Civ.App.—Dallas 1941, writ dism'd, judgment cor.) (per curiam) (on mot. for reh'g).

■ Usually, an appellate court receives extrinsic evidence to show why an appeal should be dismissed. One example occurs when an appellant has enjoyed the benefits of a judgment. *See Roach v. Roach*, 672 S.W.2d 524, 532–33 (Tex.App.—Amarillo 1984, no writ) (on mot. for reh'g). Another example occurs when events subsequent to the judgment render the subject matter of the appeal moot. *See Roadrunner Investments, Inc. v. Texas Utilities Fuel Co.*, 526 S.W.2d 615, 616 (Tex.Civ.App.—Fort Worth 1975, no writ). Yet there is no sound reason why an appellate court should be able to receive extrinsic evidence to decline jurisdiction and not be able to receive extrinsic evidence to assert jurisdiction. An instructive case is *Texas & Pacific Railway Co. v. Beckham Brothers & Co.*, 202 S.W. 991, 992 (Tex.Civ.App.—El Paso 1918, writ ref'd). In that case, the names of two plaintiffs were at variance from the names of two prevailing parties in the judgment. The judgment therefore did not show that all parties had been disposed of. *Compare Shivers Well Service, Inc., v. Houston*, 736 S.W.2d 251, 252–53 (Tex.App.—Fort Worth 1987, orig. proceeding) (an asserted misnomer in two judgments resulted in the judgments being interlocutory). The *Beckham Brothers* Court, however, allowed the identity of the parties to be established by uncontroverted affidavit, so that the par-

---

1. We are careful to note that Griege has given us notice of his waiver of a request for relief, and not a waiver of the cause of action that might support such relief. We expressly reserve ruling today on whether a party can waive, for the first time on appeal, an underlying cause of action without taking further action, such as a nonsuit, in the trial court, in order to establish a judgment's finality.

ties could show that the judgment was in fact final. 202 S.W. at 992. Thus, it follows that, if this Court questions its jurisdiction because the trial court has not expressly granted or denied a request for relief, the party who made that request can establish the finality of the trial court's judgment simply by notifying this Court that he has waived the request.

We conclude that Griege's notice, to this Court, of his decision to waive his request for punitive damages suffices to establish that the trial court's judgment is now final. Accordingly, we have jurisdiction over this appeal.