COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-239-CV
 
GARY D. LINDSEY                                                                 APPELLANT
                                                                                         
AND APPELLEE
 
V.
 
ROBERT KLINE, THE 
KEUKA COMPANY,                                   APPELLEES
ARTHUR FRANK 
REYNOLDS, LINKREY                           AND 
APPELLANTS
SERVICE, L.L.C., 
DAVID KLINE, AND
JOAN KLINE
 
------------
 
FROM THE 393RD 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a summary judgment granted in favor of appellees and 
cross-appellants Robert Kline, the Keuka Company, Arthur Frank Reynolds, Linkrey 
Service, L.L.C., David Kline, and Joan Kline (the "Kline Parties"). 
Because the order granting summary judgment does not dispose of the Kline 
Parties’ pending counterclaims, we dismiss the appeal for want of 
jurisdiction.
        Appellant 
and cross-appellee Gary D. Lindsey sued the Kline Parties for breach of 
contract, breach of fiduciary duty, fraudulent inducement, and civil conspiracy. 
The Kline Parties counterclaimed against Lindsey, alleging, among other things, 
breach of contract, fraudulent and negligent misrepresentation, and tortious 
interference with contract. The Kline Parties filed a motion for summary 
judgment as to Lindsey's claims only, which the trial court granted on August 
14, 2003. Although the Kline Parties moved for summary judgment as to 
Lindsey’s claims against them, the Kline Parties did not seek a judgment 
against Lindsey on their claims against him. Further, the Kline Parties never 
nonsuited their claims or asked the trial court to dismiss them.
        The 
trial court’s order granting summary judgment for the Kline Parties states 
that “the Court finds that [the Kline Parties'] Motion for Summary Judgment is 
well taken and should be GRANTED” and that “each of [Lindsey’s] causes of 
action is dismissed with prejudice to refiling of the same.” The order 
concludes as follows: “All relief not granted herein is denied. This order is 
final as to all parties to this litigation and is appealable.”
        Because 
the trial court’s order does not address the Kline Parties’ counterclaims, 
we reviewed the record sua sponte to determine whether the summary judgment is a 
final, appealable order. See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 443 (Tex. 1993); Parks v. DeWitt County Elec. Coop., Inc., 
112 S.W.3d 157, 160 (Tex. App.—Corpus Christi 2003, no pet.). On May 4, 2004, 
we notified the parties of our concern that we do not have jurisdiction over the 
appeal because the trial court’s order does not appear to dispose of the Kline 
Parties’ counterclaims. See Tex. 
R. App. P. 42.3(a). Only Lindsey responded, claiming that the summary 
judgment is final because it states that it “is final as to all parties . . . 
and is appealable.”
        A 
judgment entered without a conventional trial on the merits is final “if and 
only if either it actually disposes of all claims and parties then before the 
court, regardless of its language, or it states with unmistakable clarity that 
it is a final judgment as to all claims and all parties.” Lehmann v. 
Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001) (emphasis added). The 
judgment in this case does not specifically dispose of the Kline Parties’ 
counterclaims, nor does it state that it is final as to all claims. Although the 
judgment does state that it is appealable and final as to all parties, we do not 
believe that this language indicates with “unmistakable clarity” an intent 
that the judgment be final as to all claims as well.[2]
        Lindsey 
contends that email correspondence from the Kline Parties’ counsel to the 
trial court indicates that the Kline Parties intended for the judgment to be 
final as to their counterclaims. A purported copy of this correspondence is 
attached to one of Lindsey’s briefs but is not included in the appellate 
record.  The copy is not accompanied by an affidavit, nor is it 
authenticated in any way. See Tex. 
R. Evid. 901, 902.
        This 
court may consider affidavits or other evidence not included in the appellate 
record to determine our own jurisdiction.  Tex. Gov’t Code Ann. § 22.220(c) 
(Vernon 1988); Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 
S.W.2d 840, 841 (Tex. 1979); Kenseth v. Dallas County, 126 S.W.3d 584, 
593 (Tex. App.—Dallas 2004, pet. filed); see also Jones v. Griege, 803 
S.W.2d 486, 488-89 (Tex. App.—Dallas 1991, no writ) (holding that, while an 
appellate court usually receives extrinsic evidence to show why an appeal should 
be dismissed, it may also receive extrinsic evidence to assert 
jurisdiction).  We may also take judicial notice of facts outside the 
record for the same purpose. See Tex. 
R. Evid. 201; SEI Bus. Sys., Inc. v. Bank One Tex., N.A., 803 
S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ).  However, we may only 
take judicial notice of a fact that is “not subject to reasonable dispute in 
that it is either (1) generally known within the territorial jurisdiction of the 
trial court or (2) capable of accurate and ready determination by resort to 
sources whose accuracy cannot reasonably be questioned.”  Tex. R. Evid. 201(b).
        The 
copy of the email correspondence is not accompanied by an affidavit, nor is it 
authenticated. The Kline Parties have not conceded that the copy of the email is 
accurate, nor have they conceded that it was ever sent.  Furthermore, the 
purported copy does not appear to fall within the category of facts that may be 
judicially noticed.  Thus, we do not believe that we can consider it for 
purposes of determining whether the Kline Parties intended for the judgment to 
be final as to their counterclaims.
        Even 
if we were to consider the email, however, it appears to be ambiguous.  The 
portion of the correspondence that Lindsey claims shows the Kline Parties’ 
intent to waive their counterclaims reads as follows: “We suggest using the 
first order in the event that you choice [sic] to grant the summary judgment as 
to all claims and all defendants.  This would be the case, for example, if 
you agree with our arguments that they have no evidence of damages or that the 
damages claimed are not recoverable as a matter of law.”  It is not clear 
whether the first sentence invites the trial court to grant the summary judgment 
as to all claims and defendants referenced in the summary judgment motion or as 
to all claims and defendants pending in the suit at that time.  
Additionally, the example given does not appear to address the Kline Parties’ 
counterclaims, which are independent of Lindsey’s claims for breach of 
contract damages.  Finally, the Kline Parties’ cross-points on appeal 
complain that the summary judgment impermissibly disposed of their 
counterclaims. Thus, we do not believe that—even considering the purported 
copy of the email correspondence—Lindsey has shown that the Kline Parties 
intended to waive their counterclaims.
        Because 
the language of the trial court’s judgment does not render it final and 
because there is no indication in the record that the trial court ever disposed 
of the Kline Parties’ counterclaims, we must dismiss this appeal for want of 
jurisdiction.  See Lehmann, 39 S.W.3d at 205; Parks, 112 
S.W.3d at 164.
  
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   

PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ.
DELIVERED: July 29, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  As the court noted in Lehmann,
[a]n order does not dispose of all claims and all 
parties merely because . . . the word “final” appears . . . in the order, . 
. . [n]or does an order completely dispose of a case merely because it states 
that it is appealable, since even interlocutory orders may sometimes be 
appealable. Rather, there must be some other clear indication that the trial 
court intended the order to completely dispose of the entire case.
39 S.W.3d at 205.