LINDSEY V. KLINE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-239-CV

GARY D. LINDSEY APPELLANT

AND APPELLEE

V.

ROBERT KLINE, THE KEUKA COMPANY, APPELLEES

ARTHUR FRANK REYNOLDS, LINKREY AND APPELLANTS

SERVICE, L.L.C., DAVID KLINE, AND

JOAN KLINE

------------

FROM THE 393
RD
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

This is an appeal from a summary judgment granted in favor of appellees and cross-appellants Robert Kline, the Keuka Company, Arthur Frank Reynolds, Linkrey Service, L.L.C., David Kline, and Joan Kline (the "Kline Parties").  Because the order granting summary judgment does not dispose of the Kline Parties’ pending counterclaims, we dismiss the appeal for want of jurisdiction.

Appellant and cross-appellee Gary D. Lindsey sued the Kline Parties for breach of contract, breach of fiduciary duty, fraudulent inducement, and civil conspiracy.  The Kline Parties counterclaimed against Lindsey, alleging, among other things, breach of contract, fraudulent and negligent misrepresentation, and tortious interference with contract.  The Kline Parties filed a motion for summary judgment as to Lindsey's claims only, which the trial court granted on August 14, 2003.  Although the Kline Parties moved for summary judgment as to Lindsey’s claims against them, the Kline Parties did not seek a judgment against Lindsey on their claims against him.  Further, the Kline Parties never nonsuited their claims or asked the trial court to dismiss them.  

The trial court’s order granting summary judgment for the Kline Parties states that “the Court finds that [the Kline Parties'] Motion for Summary Judgment is well taken and should be GRANTED” and that “each of [Lindsey’s] causes of action is dismissed with prejudice to refiling of the same.”  The order concludes as follows:  “All relief not granted herein is denied.  This order is final as to all parties to this litigation and is appealable.”  

Because the trial court’s order does not address the Kline Parties’ counterclaims, we reviewed the record sua sponte to determine whether the summary judgment is a final, appealable order.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 443 (Tex. 1993); 
Parks v. DeWitt County Elec. Coop., Inc.
, 112 S.W.3d 157, 160 (Tex. App.—Corpus Christi 2003, no pet.).  On May 4, 2004, we notified the parties of our concern that we do not have jurisdiction over the appeal because the trial court’s order does not appear to dispose of the Kline Parties’ counterclaims.  
See
 
Tex. R. App. P. 
42.3(a).  Only Lindsey responded, claiming that the summary judgment is final because it states that it “is final as to all parties . . . and is appealable.” 

A judgment entered without a conventional trial on the merits is final “if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment 
as to all claims and all parties
.”  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 192-93 (Tex. 2001) (emphasis added).  The judgment in this case does not specifically dispose of the Kline Parties’ counterclaims, nor does it state that it is final as to all claims.  Although the judgment does state that it is appealable and final as to all parties, we do not believe that this language indicates with “unmistakable clarity” an intent that the judgment be final as to all claims as well.
(footnote: 2)  

Lindsey contends 
that email correspondence from the Kline Parties’ counsel to the trial court indicates that the Kline Parties intended for the judgment to be final as to their counterclaims.  A purported copy of this correspondence is attached to one of Lindsey’s briefs but is not included in the appellate record.  The copy is not accompanied by an affidavit, nor is it authenticated in any way.  
See
 
Tex. R. Evid.
 901, 902.  

This court may consider affidavits or other evidence not included in the appellate record to determine our own jurisdiction.  
Tex. Gov’t Code Ann.
 § 22.220(c) (Vernon 1988); 
Sabine Offshore Serv., Inc. v. City of Port Arthur
, 595 S.W.2d 840, 841 (Tex. 1979); 
Kenseth v. Dallas County
, 126 S.W.3d 584, 593 (Tex. App.—Dallas 2004, pet. filed); 
see also Jones v. Griege
, 803 S.W.2d 486, 488-89 (Tex. App.—Dallas 1991, no writ) (holding that, while an appellate court usually receives extrinsic evidence to show why an appeal should be dismissed, it may also receive extrinsic evidence to assert jurisdiction).  We may also take judicial notice of facts outside the record for the same purpose.  
See
 
Tex. R. Evid.
 201; 
SEI Bus. Sys., Inc. v. Bank One Tex., N.A.
, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ).  However, we may only take judicial notice of a fact that is “not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.”  
Tex. R. Evid.
 201(b).

The copy of the email correspondence is not accompanied by an affidavit, nor is it authenticated.  The Kline Parties have not conceded that the copy of the email is accurate, nor have they conceded that it was ever sent.  Furthermore, the purported copy does not appear to fall within the category of facts that may be judicially noticed.  Thus, we do not believe that we can consider it for purposes of determining whether the Kline Parties intended for the judgment to be final as to their counterclaims.

Even if we were to consider the email, however, it appears to be ambiguous.  The portion of the correspondence that Lindsey claims shows the Kline Parties’ intent to waive their counterclaims reads as follows:  “We suggest using the first order in the event that you choice [sic] to grant the summary judgment as to all claims and all defendants.  This would be the case, for example, if you agree with our arguments that they have no evidence of damages or that the damages claimed are not recoverable as a matter of law.”  It is not clear whether the first sentence invites the trial court to grant the summary judgment as to all claims and defendants referenced in the summary judgment motion or as to all claims and defendants pending in the suit at that time.  Additionally, the example given does not appear to address the Kline Parties’ counterclaims, which are independent of Lindsey’s claims for breach of contract damages.  Finally, the Kline Parties’ cross-points on appeal complain that the summary judgment impermissibly disposed of their counterclaims.  Thus, we do not believe that—even considering the purported copy of the email correspondence—Lindsey has shown that the Kline Parties intended to waive their counterclaims.

Because the language of the trial court’s judgment does not render it final and because there is no indication in the record that the trial court ever disposed of the Kline Parties’ counterclaims, we must dismiss this appeal for want of jurisdiction.  
See Lehmann, 
39 S.W.3d at 205; 
Parks
, 112 S.W.3d at 164.  

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  July 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
As the court noted in 
Lehmann
, 

[a]n order does not dispose of all claims and all parties merely because . . . the word “final” appears . . . in the order, . . . [n]or does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable.  Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case.

39 S.W.3d at 205.