COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TINA DENISON, | § | No. 08-10-00286-CV |
| Appellant, | § | Appeal from the |
| v. | § | 383rd Judicial District Court |
| | § | of El Paso County, Texas |
| GENE DENISON, | § | (TC# 2005CM6158) |
| Appellee. | § | |

## MEMORANDUM OPINION

Pending before the Court is Appellee's motion to dismiss this appeal for want of jurisdiction. More than ten days have passed since the filing of the motion to dismiss, and Appellant has not filed a response. *See* TEX.R.APP.P. 10.3(a). For the reasons that follow, we will grant the motion and dismiss the appeal.

The clerk's record has not been filed, but the notice of appeal states that Appellant is appealing an order denying her third motion to enforce. In the motion to dismiss, Appellee states that the order concerned spousal and child support. He claims that the parties' divorce has not been finalized and that a final hearing was scheduled for October 4, 2010. Attached to Appellee's motion is an uncertified and unsworn copy of the order denying the motion to enforce. The order states that temporary orders for child and spousal support were entered and that the court thereafter granted a divorce and entered findings and conclusions regarding child and spousal support. The court subsequently ordered a new trial and then Appellant filed her

third motion to enforce the support obligations.

We may consider materials outside the record to determine whether we have jurisdiction. *See* TEX.GOV'T CODE ANN. § 22.220(c)(Vernon Supp. 2010); *Jones v. Griege*, 803 S.W.2d 486, 488 (Tex.App.--Dallas 1991, no writ). The determination may be made "on affidavit or otherwise." TEX.GOV'T CODE ANN. § 22.220(c). Appellee has not supported his motion with an affidavit or with any sworn or certified documents. However, Appellant previously filed a motion in this Court that confirms the claims in Appellee's motion to dismiss. In her motion to stay the trial court proceedings, she stated that the final hearing on the divorce was set for October 4, 2010 and that the basis of the appeal is the "denial of her support enforcement." *See Jones*, 803 S.W.2d at 487-89 (relying on attorney's letter to court in determining jurisdiction).

Except when expressly provided by statute, we do not have jurisdiction over appeals from interlocutory orders. *See Fox v. Wardy*, 318 S.W.3d 449, 452 (Tex.App.--El Paso 2010, pet. denied). In a divorce proceeding, interlocutory appeals from temporary orders are generally not allowed. TEX.FAM.CODE ANN. § 6.507 (Vernon 2006); *see also Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no writ)("We conclude that a protective order granted while a divorce action is pending between the same parties is not a final judgment. The order does not dispose of all issues in the case and must be classified, for purposes of appeal, as an unappealable interlocutory order."). Based on the undisputed facts before us, the order denying the motion to enforce was entered before a final hearing on the parties' divorce and there is nothing to indicate that a final order of divorce has been entered. Accordingly, Appellee's motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction. *See* TEX.R.APP.P. 42.3(a).

November 17, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Barajas, C.J. (Ret.), and Larsen, J.
Barajas, C.J. (Ret.)(Sitting by Assignment)
Larsen, J. (Sitting by Assignment)