Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00396-CV

———————————

Ardmore, Inc. f/k/a
GHX Incorporated and Star Properties, LLC, Appellants

V.

The Rex Group, Inc. d/b/a T-3 Support Services,
Inc., Appellee



 



 

On
Appeal from the 125th District Court

Harris
County, Texas



Trial Court Case No. 2007-65381

 



 

MEMORANDUM OPINION

This case involves a dispute of the
ownership of certain commercial property located along Ardmore Street in
Houston, Texas.  The parties to the suit
are Ardmore, Inc. f/k/a GHX Incorporated; Star Properties, LLC; and The Rex
Group, Inc. d/b/a T-3 Support Services, Inc. 
Over a number of months, the trial court signed a series of orders
rendering summary judgment on the parties’ various claims.  In that period of time, Star Properties filed
an amended petition that added claims that have not been disposed of in any of
the trial court’s orders.  After the last
order was signed, each of the parties filed a notice of appeal.

We dismiss for want of jurisdiction.

                                                                                                                                                                
Background

The Rex Group, a tenant of the property owned by Star
Properties, filed suit against Star Properties and Ardmore, a subtenant of part
of the property.  In turn, Ardmore and Star
Properties each filed counter-claims against The Rex Group.  Eventually, each of the parties filed motions
for summary judgment, and each party filed responses to the motions that
applied to them.  The trial court
subsequently issued a series of orders disposing of various claims and
arguments.  

On May 9, 2008, the trial court signed an order determining
the legal effect of certain language in the relevant contracts.  

On July 11, 2008, the trial court signed an order granting
summary judgment in favor of The Rex Group and against Star Properties.  The July 11 order declared that the only
remaining issue between the parties was The Rex Group’s claim for attorneys’
fees from Star Properties.  The trial
court signed two orders—one on August 28, 2008 and the other on September 5,
2008—clarifying aspects of the July 11 order.

On January 13, 2009, the trial court entered two
orders.  The first denied Ardmore’s
motion for summary judgment against The Rex Group.  The second granted The Rex Group’s motion for
summary judgment against Ardmore. 
Although not explicitly stated in either order, the orders resolved all
issues between The Rex Group and Ardmore except for The Rex Group’s claim for
attorneys’ fees from Ardmore.

On March 18, 2009, the trial court signed an order
granting The Rex Group’s request for attorneys’ fees from Ardmore.  On April 3, 2009, the trial court signed an
order granting The Rex Group’s request for attorneys’ fees from Star Properties.

Cumulatively, these orders disposed of all of the grounds
presented in the parties’ motions for summary judgment, in which the parties
sought summary judgment on all of the claims brought by the parties at that
time.  

On
October 13, 2008, however, Star Properties filed its second amended counter-petition.  The amended petition was filed after the
trial court had disposed of all claims then existing between The Rex Group and
Star Properties except for The Rex Group’s claim for attorneys’ fees but before
the trial court disposed of The Rex Group’s claim for attorneys’ fees against
Star Properties and all claims between The Rex Group and Ardmore.  That petition included a new cause of action
entitled “Non-Payment of Rent” and sought payment for rent, taxes, and other
amounts allegedly due, as well as attorneys’ fees, from The Rex Group. 
Those claims were also maintained in Star Properties’ Third Amended Counterclaim.  No order disposes of these claims.

Even
though these new claims had not been disposed of, Ardmore and Star Properties
filed their notices of appeal on May 1, 2009. 
The Rex Group filed its notice of appeal on May 12, 2009.  On December 21, 2010, this Court issued an
order asking the parties for briefing on whether the orders from which
the parties are appealing are final and appealable.  

The Rex Group filed a brief arguing that the claims added
by Star Properties on October 13, 2008 deprived this Court of jurisdiction over
this appeal and that dismissal was required. 
Star Properties filed two letter-briefs arguing that a Rule 11 agreement
entered into in January 2009 between Star Properties and The Rex Group resolved
the outstanding claims and that, accordingly, this Court has jurisdiction over
the appeal.  Ardmore filed a letter-brief
adopting Star Properties’
arguments.

                                                                                                                                                                         
Analysis

In their briefs on jurisdiction, the parties dispute
whether this Court lacks jurisdiction to consider this appeal based on Star’s
filing of an amended petition containing new claims after the trial court had disposed of all
claims then existing between The Rex Group and Star Properties except for The
Rex Group’s claim for attorneys’ fees but before the trial court disposed of
The Rex Group’s claim for attorneys’ fees against Star Properties and all
claims between The Rex Group and Ardmore.

The general rule, with a few mostly statutory exceptions
not present here, is that an appeal may be taken only from a final judgment.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  “A judgment is final for purposes of appeal if
it disposes of all pending parties and claims in the record . . . .”
 Id.
 If the order being appealed is not a
final judgment and there is no applicable statutory exception, the appellate
court lacks jurisdiction to consider the appeal.  See New
York Underwriters Ins. v. Sanchez, 799 S.W.2d 677, 678–79 (Tex. 1990).  When an appellate court concludes it does not
have jurisdiction, it can only dismiss the appeal.  Kilroy
v. Kilroy, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no
pet.).

Star Properties attached to one of its letter briefs a Rule
11 agreement entered into in January 2009 between itself and The Rex Group.[1]  Star Properties argues that the Rule 11
agreement “expressly addressed Star’s reimbursement claim and the other
remaining unresolved claims between Star and Rex in the lawsuit, except Rex’s
claim for attorney’s fees, which” was resolved by the April 3 order.  

The agreement resolves the issues between the parties
“relating to property taxes, property association fees, tax protest consulting
fees, and other assessments, insurance premiums, and similar property-related
payments for” the property in dispute for 2008 and all prior years.  It expressly reserves any rights Star
Properties has—if The Rex Group does not prevail on appeal—“to seek the
recovery of holdover rent from Rex, from July 15, 2008, through the date of
relinquishment of the property to Star, and Rex likewise retains any and all
rights it may have in defense thereof.”  The
Rule 11 agreement further provides, “The parties agree that this Rule 11
agreement addresses all unresolved claims between Rex and Star in the
referenced litigation, save and except for Rex’s and Star’s claims for attorney’s fees against one another, which will
be decided by the [trial] Court.” 
(Emphasis added.)

In support of its argument, Star Properties relies Jones v. Griege, 803 S.W.2d 486 (Tex.
App.—Dallas 1991, no writ), in which a claim of appellee, Griege, for punitive
damages remained unresolved when the notice of appeal was filed.  Id.
at 487.  In response to the Dallas Court
of Appeals’s inquiry, Griege represented to the appellate court that he had
decided to “forego his right to attempt to collect punitive damages.”  Id.  Although this decision was never communicated
to the trial court or commemorated in any order, the appellate court held that
the decision to waive the claim for punitive damages established the finality
of the judgment.  Id. at 488.

Star Properties explains that it “does not rely on Jones for the application of law to its
specific facts.”  That is, Star
Properties is not attempting to retain jurisdiction in this Court by waiving
its remaining claims.  Instead, Star
Properties argues that Jones stands
for a larger principle: that where evidence relating to an appellate court’s
jurisdiction “clearly establishes that the judgment disposes of all parties and
claims (and, thus, nothing remains for the trial court to actually adjudicate),
no useful purpose is served by remanding the case for entry of a purely
formalistic order.”

Even if we were to adopt this principle, the Rule 11
agreement still would not dispose of all of the claims before the trial
court.  In Howell, the judgment signed by the trial court provided that the
trial court:

might, “if appropriate,” take further action in its
adjudication of Mauzy’s claim for attorney’s fees under § 37.009 of the
Uniform Declaratory Judgments Act; so much is indicated by the statement
granting Mauzy leave to apply to the trial court for additional attorney’s
fees, after remand, in the event an appeal is taken.

Howell v. Mauzy,
774 S.W.2d 274, 276 (Tex. App.—Austin 1989, writ denied).  The Austin Court of Appeals held that this
conditional language meant that the issue of attorneys’ fees remained
unresolved.  Id.  Accordingly, the
judgment was not final and appealable.  Id. 


The Rule 11 agreement signed by Star Properties and The
Rex Group reserves Star Properties’ claim for recovery of holdover rent as well as attorneys’ fees
if The Rex Group does not prevail on appeal. 
These claims were included in Star Properties’ live
petition.  Even if this Rule 11 agreement
had the same legal effect as an order of the trial court, the conditional
language precludes a determination that all parties and claims have been
disposed of by the trial court.  Id. 


In reply, Star Properties argues that rule 27.2 of the
Texas Rules of Appellate Procedure allows this court to abate the appeal so
that the parties can obtain an order from the trial court stating that all
claims have been disposed of.  See Tex.
R. App. P. 27.2.  Rule 27.2 provides,
in part, “The appellate court may allow an appealed order that is not final to
be modified so as to be made final and may allow the modified order and all
proceedings relating to it to be included in a supplemental record.”  Id.  This rule, however, applies when there is
uncertainty about the intent of the trial court in an existing order.  Lehmann,
39 S.W.3d at 206 & n.92; Coastal
Terminal Operators v. Essex Crane Rental Corp., 133 S.W.3d 335, 338–39
(Tex. App.—Houston [14th Dist.] 2004, no pet.). 
It has also been used when all that is left is a ministerial act of the
trial court to make the judgment final.  See Iacono v. Lyons, 6 S.W.3d 715, 717
(Tex. App.—Houston [1st Dist.] 1999, no pet.) (abating appeal when trial court
only needed to enter order granting previously filed notice of nonsuit); Parks v. DeWitt Cnty. Elec. Coop., Inc.,
112 S.W.3d 157, 163 (Tex. App.—Corpus Christi 2003, no pet.) (recognizing Iacono based on only act remaining for
trial court was ministerial).

Here, there is no uncertainty about the intent of the
trial court; Star Properties had not filed a motion to nonsuit its additional
claims; and there is no suggestion that Star Properties intends to nonsuit its
additional claims.  Accordingly, rule
27.2 does not provide this Court with any authority to abate this appeal.

We hold that claims brought by Star Properties remain
undisposed of and that, accordingly, we lack jurisdiction to consider the
parties’ appeals.

                                                                                                                                                                   
Conclusion

We dismiss the appeal for want of jurisdiction.

 

                                                                    Per Curiam

 

Panel consists of Justices Jennings, Higley, and Brown.











[1]           For civil cases, a court of appeals may consider matters of
fact outside of the appellate record for the purpose of determining its
jurisdiction.  Tex. Gov’t Code Ann. § 22.220(c) (Vernon Supp. 2010); see also Harlow Land Co., Ltd. v. City of
Melissa, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.).