Opinion issued February 9, 2012








 

 

 

 



 

 

 

 

 

 

 

 

 

 

 

 













 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-00832-CV

____________

 

mildred dunn a/k/a mildred garrett a/k/a mildred banks, Appellant

 

V.

 

park harbor improvement association, inc., Appellee

 

 



On Appeal from the 234th District Court 

Harris County, Texas

Trial Court Cause No. 2010-48259

 

 

 



MEMORANDUM
OPINION

Appellee, Park Harbor Improvement
Association, Inc., sued appellant, Mildred Dunn, for
usurping its duties and attempting to act as the official homeowner’s
association governing the Park Harbor community at issue.  The Association sought injunctive relief and
a declaratory judgment that Dunn had no authority to act.  In addition, the Association sought
attorney’s fees under Texas Civil Practice and Remedies Code section
37.009.  See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008) (providing
for attorney’s fees in proceeding under Uniform Declaratory Judgments Act).  Dunn counterclaimed for defamation and sought
injunctive relief to prevent the Association from acting as the authorized
governing body of the Park Harbor community. 
The parties filed cross-motions for summary judgment on each of the
claims, except the matter of attorney’s fees.

On August 30, 2011, in three orders, the
trial court granted summary judgment in favor of the Association on all claims
and denied Dunn’s motions for summary judgment. 
The trial court declared that Dunn has no authority to act as the
homeowners’ association; has no authority to levy or collect assessments, dues,
or fines and fees; and has no authority to file documents on behalf of the Park
Harbor community with the Texas Secretary of State or the Harris County Clerk.  In addition, the trial court permanently
enjoined Dunn from taking various related actions. The trial court denied the
Association’s request for attorney’s fees, but reserved the matter for a
subsequent evidentiary hearing, should the Association wish to pursue its claim.  The order expressly states that the three
summary judgment orders are interlocutory and that a single, final order,
encompassing all three orders, will be signed once the attorney’s fees matter
is resolved.  Dunn appealed. 

The Association filed a motion to dismiss the
appeal for lack of jurisdiction on the basis that the trial court’s order expressly
states that it is interlocutory and that the matter of statutory attorney’s
fees remains pending and is set for hearing. 

We grant appellee’s motion and dismiss the
appeal.

Generally, appeals may be taken only from
final judgments.[1]  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001).  A trial court’s
judgment stating that the court might take further action on a claim for
attorney’s fees under section 37.009 of the Uniform Declaratory Judgments Act
is interlocutory.  Howell v. Mauzy,
774 S.W.2d 274, 276 (Tex. App.—Austin 1989, writ denied).  Interlocutory orders may be appealed only if
authorized by statute.  Ogletree v. Matthews, 262 S.W.3d 316, 319 n.1
(Tex. 2007) (stating that appellate court otherwise lacks jurisdiction).  

In her response to the motion to dismiss, Dunn
contends that Civil Practice and Remedies Code section 51.014 authorizes her
appeal.  See Tex. Civ. Prac. & Rem. Code Ann. 51.014 (West Supp. 2011).  

Civil Practice and Remedies Code section
51.014 contains specific grants of jurisdiction over appeals from certain
interlocutory appeals. See id.  Section 51.014 authorizes an
interlocutory appeal from (1) the denial of summary judgment that is based on an
assertion of immunity by an individual who is an officer or employee of the
state or a political subdivision of the state or (2) the denial of summary
judgment that is based, in whole or in part, upon a claim against or defense by
a member of the electronic or print media. 
See id. § 51.014(a)(5), (6).  Appellant
has not demonstrated, and we do not conclude, that either of these, or any
other provisions of section 51.014 or any other statute, authorize
appellant’s interlocutory appeal.  

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R.
App. P. 42.3(a), 43.2(f).  We dismiss any other pending motions as moot.

                                                  PER CURIAM

Panel consists of Justices
Higley, Bland, and Huddle.

 











[1]
            Generally, appellate courts do not have
jurisdiction to hear the denial of a motion for summary judgment on
appeal.  Ackermann v. Vordenbaum,
403 S.W.2d 362, 365 (Tex. 1966). An exception applies when, as here, the
trial court has denied one motion and granted the other.  See Comm'rs Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).  This rule only applies, however, when both
parties seek final judgment relief in their motions.  CU
Lloyd’s of Tex. v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998).  When the relief sought is a declaratory
judgment, a court may properly render judgment on liability alone, and “a
separate proceeding as to damages to enforce the declaration is then necessary.”
Bowman v. Lumberton Indep.
Sch. Dist., 801 S.W.2d 883, 889 (Tex. 1990) (quoting Ackermann, 403 S.W.2d at 364–65). 
However, as here, when one party asks for declaratory judgment relief,
while another does not, or when interlocutory relief is sought by
cross-motions, the supreme court has declined to reach
the interlocutory relief sought.  See id.